605 A.2d 1271

**COMMONWEALTH of Pennsylvania**

v.

**Walter WOLFE, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 27, 1992.

Filed April 15, 1992.

584

Walter Wolfe, pro se.

Alan M. Rubenstein, Dist. Atty., Doylestown, for Com., appellee.

Before CIRILLO, MONTEMURO and CERCONE, JJ.

CIRILLO, Judge:

This is an appeal from an order of the Court of Common Pleas of Bucks County denying appellant Walter Wolfe's petition for writ of habeas corpus. We affirm.

Walter Wolfe began having indecent contact with his stepdaughter when she was thirteen years old. The assaults continued for a period of five years. When the victim was approximately eighteen years old she left Wolfe's home to live with her natural father. Wolfe continued to harass her; he followed her home from school, drove around her house repeatedly, contacted her by telephone, and eventually threatened her father and her boyfriend.

Wolfe was tried before a jury and convicted of involuntary deviate sexual intercourse, indecent assault, corruption of minors, terroristic threats, and harassment. Post-trial motions were filed and denied. The Commonwealth filed its notice of intent to proceed under the mandatory sentencing provisions of 42 Pa.C.S. § 9718,[1] and Wolfe was sentenced

---

1. Section 9718 of the Judicial Code provides mandatory minimum sentences for offenses against infant persons:

   (a) **Mandatory sentence.**—A person convicted of the following offenses when the victim is under 16 years of age shall be sentenced to a mandatory term of imprisonment as follows:

   \* \* \* \* \* \*

   18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse)—not less than five years.
   42 Pa.C.S. § 9718.

to a total term of incarceration of eight to twenty years. Wolfe filed a motion to modify sentence, *see* Pa.R.Crim.P. § 1410, which was denied. On direct appeal to this court, Wolfe's judgment of sentence was affirmed in a memorandum decision. *Commonwealth v. Wolfe*, 377 Pa.Super. 659, 541 A.2d 1156 (1988).

On March 10, 1989, Wolfe sought collateral relief under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546. A hearing was held and Wolfe's petition was denied on December 11, 1989. Wolfe appealed, and this court affirmed the PCRA court's order denying relief. *Commonwealth v. Wolfe*, 398 Pa.Super. 94, 580 A.2d 857 (1990). Wolfe then file a petition for allowance of appeal in the Pennsylvania Supreme Court; this petition was later withdrawn.

Thereafter, Wolfe filed a *pro se* petition for a writ of habeas corpus. On July 15, 1991, the Honorable Kenneth J. Biehn denied the petition without a hearing, concluding that Wolfe's petition was inappropriate under 42 Pa.C.S. § 6503. Wolfe now appeals from that order, and raises the following issues for our consideration:

1. Did the trial court err in denying the petition for writ of habeas corpus?

2. Did the trial court err in allowing the trial judge to review the petition because the appellant requested the judge's recusal?

3. Did the trial court err in not allowing appellant his presentence investigation reports and other documents?

4. Did the trial court err in not reviewing the appellant's sentencing issue under the writ of habeas corpus?

Wolfe also charged his counsel with ineffectiveness for failing to raise these claims at the proper proceedings.

The ancient writ of habeas corpus is inherited from the common law, referred to by Sir William Blackstone as the most celebrated writ in the English law. 3 W. Blackstone, Commentaries 129. The writ lies to secure the immediate release of one who has been detained unlawfully, in violation of due process. *Commonwealth v. Gibbons*, 9 Pa.Su-

per. 527, *affirmed In re Kelly*, 200 Pa. 430, 50 A. 248 (1899). Traditionally, the writ has functioned only to test the legality of the petitioner's detention. *See Commonwealth ex rel. Bryant v. Hendrick*, 444 Pa. 83, 280 A.2d 110 (1971); *see also* 42 Pa.C.S. § 6502.

■ Habeas corpus is a civil remedy, regardless of whether the prisoner has been detained under civil or criminal process. *Commonwealth ex rel. Paylor v. Claudy*, 366 Pa. 282, 77 A.2d 350 (1951); *Commonwealth ex rel. Master v. Baldi*, 166 Pa.Super. 413, 72 A.2d 150 (1950), *cert. denied*, 340 U.S. 866, 71 S.Ct. 88, 95 L.Ed. 632 (1950). The statutory writ in Pennsylvania, however, lies only for commitments under criminal process. *See* 42 Pa.C.S. § 6501 *et seq.*[2] As an extraordinary remedy, habeas corpus may be invoked only when remedies in the ordinary course have been exhausted or are not available; the writ is *not* a substitute for appellate review. *Commonwealth ex rel. Kennedy v. Myers*, 393 Pa. 535, 143 A.2d 660 (1958); *Moore v. Roth*, 231 Pa.Super. 464, 331 A.2d 509 (1974).

■ When a petitioner is in custody by virtue of a judgment of sentence of a court of competent jurisdiction, the writ generally will not lie. *Commonwealth ex rel. Wilson v. Keeper of Jail of Philadelphia County*, 26 Pa. 279 (1856). The rationale for this limitation is the presumption of regularity which follows the judgment. *Commonwealth ex rel. Spencer v. Ashe*, 364 Pa. 442, 71 A.2d 799 (1950), *cert. denied*, 339 U.S. 990, 70 S.Ct. 1015, 94 L.Ed. 1390 (1950). *See also Commonwealth ex rel. DeSimone v. Cavell*, 185 Pa.Super. 131, 138 A.2d 688 (1958). The writ, as stated above, is an extraordinary remedy and, therefore, a judgment rendered in the ordinary course is beyond the reach of habeas corpus. That conviction cannot be put aside lightly, and it becomes stronger the longer the judgment stands. *Commonwealth ex rel. Hoch v. Banmiller*, 186 Pa.Super. 57, 140 A.2d 625 (1958), *cert. denied*, 358 U.S. 889, 79 S.Ct. 132, 3 L.Ed.2d 117 (1958); *see also* P.L.E.

2. *See also* Pa. Const. art. 1, § 14.

Habeas Corpus § 31. Consequently, habeas corpus generally is not available to review a conviction which has been affirmed on appeal. *Commonwealth ex rel. Dugan v. Day*, 180 Pa.Super. 643, 122 A.2d 90 (1956), *cert. denied*, 352 U.S. 852, 77 S.Ct. 74, 1 L.Ed.2d 62 (1956).

█ The statutory remedy of habeas corpus empowers any judge of a court of record to issue a writ to inquire into the cause of detention. 42 Pa.C.S. § 6502. The statute provides in part:

**§ 6503. Right to apply for writ**

**(a) General rule.**—Except as provided in subsection (b), an application for habeas corpus to inquire into the cause of detention may be brought by or on behalf of any person restrained of his liberty within this Commonwealth under any pretense whatsoever.

**(b) Exception**—Where a person is restrained by virtue of sentence after conviction for a criminal offense, the writ of habeas corpus shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law.

42 Pa.C.S. § 6503. Here, Judge Biehn determined that habeas corpus was not an appropriate remedy, and we agree.

Each of the issues raised in Wolfe's habeas corpus petition could have been considered and corrected in the regular course of appellate review or by post-conviction proceedings authorized by law. *Id.* Consequently, Wolfe's claims are not cognizable under the statutory remedy. *See* 42 Pa.C.S. § 6501 *et seq.; Cf. Commonwealth ex rel. Fletcher v. Cavell*, 395 Pa. 134, 140, 149 A.2d 434, 437 (1959), *cert. denied*, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 85 (1959).

In his petition, Wolfe alleges sentencing errors and that the trial judge should have recused himself from Wolfe's trial.[3] Wolfe's claim that he should have had access to his

---

**3.** In his petition for habeas corpus, Wolfe requested a hearing to bring forth the following issues:

presentence reports is a matter properly raised in a motion for reconsideration of sentence and on direct appeal. Pa. R.Crim.P. 1410. Moreover, this claim pertains to the discretionary aspects of sentencing. A challenge to the discretionary aspects of sentencing is not a proper basis for habeas corpus relief. *See Commonwealth ex rel. Camara v. Myers,* 201 Pa.Super. 496, 193 A.2d 642 (1963) (court's discretionary power in imposing sentence is not subject to review on habeas corpus); *Commonwealth ex rel. Dempsey v. Martin,* 181 Pa.Super. 274, 124 A.2d 430 (1956), *cert. denied,* 352 U.S. 933, 77 S.Ct. 238, 1 L.Ed.2d 168 (1956). Although habeas corpus may be used to correct an illegal sentence, "where as here the sentence imposed is within the limits fixed by law, the appellate court will not inquire into the sentencing judge's reasons for the penalty imposed." *Commonwealth ex rel. Kimble v. Keenan,* 194 Pa.Super. 169, 173–74, 166 A.2d 668, 670 (1960), *cert. denied,* 368 U.S. 977, 82 S.Ct. 481, 7 L.Ed.2d 439 (1962).

■ Wolfe's claim that the trial judge should have recused himself at petitioner's trial is also not reviewable in a habeas corpus proceeding. *See Commonwealth ex rel. Roth v. Kozakiewicz,* 86 Pa.Cmwlth. 459, 485 A.2d 843 (1984). "The courts of Pennsylvania have never reviewed [recusal] in the context of habeas corpus." *Id.,* 86 Pa. Cmwlth. at 467, 485 A.2d at 847. Recusal is a matter reviewable upon appeal "with proper recognition of the limitations as to the scope of review of an appellate court." *Id.,* 86 Pa.Cmwlth. at 467, 485 A.2d at 847. Furthermore, Wolfe has failed to support this claim for relief. *Commonwealth ex rel. Camara v. Myers, supra.* In fact, Wolfe's petition is devoid of any supporting facts. A bald statement that the trial judge should have recused himself is not

1. The trial court manifestly abused its discretion in sentencing petitioner to a period of incarceration of not less than eight nor more than twenty years.
2. Trial judge should release the pre-sentence reports of the petitioner upon request.
3. The trial judge should have recused himself from the petitioner's trial.

590

sufficient to compel a hearing on a habeas corpus petition. *Commonwealth ex rel. Hoch v. Banmiller, supra; see also Commonwealth ex rel. Freeman v. Maroney,* 202 Pa.Super. 163, 196 A.2d 397 (1963) (petition for writ of habeas corpus may be dismissed without a hearing when it is apparent on the face of the petition that no proper grounds for issuance of a writ are alleged); *Commonwealth ex rel. Sims v. Cavell,* 200 Pa.Super. 479, 190 A.2d 340 (1963) (where petition raises no factual issues requiring determination and fails to establish any ground entitling petitioner to habeas corpus relief, a hearing is unnecessary); *Commonwealth ex rel. Keller v. Myers,* 197 Pa.Super. 80, 177 A.2d 10 (1962) (petition which is not self-sustaining may be dismissed without a hearing).

■ Finally, Wolfe's allegations of ineffectiveness of counsel, also raised without supporting facts, do not entitle him to habeas corpus relief. *Commonwealth ex rel. Sims, supra; Commonwealth ex rel. Keller, supra.* Ineffectiveness of counsel claims may be brought in post-trial proceedings, on direct appeal, or pursuant to post-conviction proceedings, provided they are instituted at the first available opportunity. *See* Pa.R.Crim.P. 1123(a) and comment; *see also Commonwealth v. Cargo,* 498 Pa. 5, 19, 444 A.2d 639, 646 (1982) ("ineffectiveness of prior counsel must be raised at the earliest stage in the proceedings at which counsel whose ineffectiveness is being challenged no longer represents the appllants"). Wolfe's claims could have properly been brought at one or more of these proceedings, and thus cannot properly form the basis for habeas corpus relief. *See* 42 Pa.C.S. § 6503; 42 Pa.C.S. §§ 9541–9546.[4] *See also Commonwealth ex rel. Garrison v. Myers,* 194 Pa.Super. 611, 169 A.2d 584 (1961) (it could not be urged on application for habeas corpus that sentence of petitioner was too severe, that his lawyer was incompetent in handling his

4. We note that Wolfe was represented by counsel at trial, during post-trial proceedings, at sentencing, and during post-conviction relief proceedings. Additionally, post-conviction counsel did raise several claims of ineffectiveness of counsel, including a claim that counsel was ineffective for failing to raise a sentencing guideline claim in the motion to modify sentence.

defense, and that petitioner did not receive a fair and impartial trial); *Commonwealth ex rel. Davis v. Baldi,* 181 Pa.Super. 251, 124 A.2d 390 (1956) (for prisoner to be released on habeas corpus because of lack of effective representation by counsel furnished him, such representation must have been so lacking in competence that it became the duty of the court or the prosecution to observe it and correct it).

Accordingly, we affirm the trial court's order denying Wolfe's request for habeas corpus relief.

Order affirmed.