J-S73004-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DANA L. LAMBERT, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEMAL M. HAMEED, | |
| Appellant | No. 1010 MDA 2014 |

Appeal from the Order May 27, 2014
In the Court of Common Pleas of Lebanon County
Domestic Relations at No(s): 2002-5-0075

BEFORE:  BOWES, WECHT, and MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:          **FILED DECEMBER 30, 2014**

Kemal M. Hameed ("Father") appeals from the May 27, 2014 order refusing his request to vacate a contempt order entered on January 21, 2014.  We quash this appeal.

Dana L. Lambert ("Mother") instituted this support action against Father seeking support for their minor child, and a support order was entered against Father in 2002.  Father thereafter left Pennsylvania and began to reside in Maryland.  He sporadically paid support, but was soon in default of his support obligations.  Mother instituted contempt proceedings in 2002, a hearing was scheduled for May 28, 2002, and Father did not appear.

A bench warrant was issued for his arrest.  Even while Father continued to avoid his support obligations, he exercised custodial rights over the child.  He would not personally appear in court in connection with the custody proceedings in order to avoid service of the bench warrant, which

remained active until January 2014. At that time, Mother was able to convince the District Attorney of Lebanon County to seek extradition of Father from Maryland. Father was arrested at his home and returned to Pennsylvania.

On January 21, 2014, the trial court held a contempt hearing, which was not transcribed and is not contained in the certified record on appeal. Following that hearing, the court issued an order, which reads as follows:

A. The Defendant is the father of one child who is now 12 years of age. Since this support order was entered in 2002, the Defendant has paid very sporadically. There are current arrearages totaling $25,862.65.

B. To her credit, the Plaintiff has permitted the Defendant to maintain a relationship with his daughter even though he has not paid support. In fact, the Defendant litigated custody issues in Lebanon County in absentia [sic] that were resolved so that he would have a relationship with his daughter. Nevertheless, the Defendant never appeared in Court because he knew that the Domestic Relations bench warrant would be enforced had he done so.

C. The Defendant has lived in jurisdictions other than PA for at least the past 10 years. He has had periodic contact with the Domestic Relations Office but has never appeared in Lebanon County Court and has been a fugitive from this Court for a considerable period of time.

D. In 11 years that this support obligation has been docketed, the Defendant made only 14 payments. The Defendant acknowledged that he has not upheld this responsibility to his daughter and he acknowledged that he should have done better.

E. The Defendant indicates that he is not now employed but has a job prospect. In addition, the Defendant indicated that he did work as a contractor for the Defense Intelligence Agency

for several years. During this time period, the Domestic Relations Office received nothing in child support.

F. It is obvious that this Defendant has done everything in his power to hide from his support obligation. The extent to which the Defendant has ignored his obligation is breathtaking.

Accordingly, the Defendant is found in contempt. He is directed to be incarcerated in the Lebanon County Correctional Facility for a period of six months. The Defendant may purge himself of this contempt by payment in the amount of $25,000.

**BY THE COURT**

Order of Court, 1/21/14, at 1-2.

The contempt finding was premised upon Father's failure to appear for the May 28, 2002 support hearing as well as his failure to pay ordered support. We observe that the January 21, 2014 order was valid under §§ 4344 and 4356 of Title 23, which pertain to contempt, in the child support setting. Section 4344 relates to an obligor's failure to appear and states:

A person who willfully fails or refuses to appear in response to a duly served order or other process under this chapter may, as prescribed by general rule, be adjudged in contempt. Contempt shall be punishable by any one or more of the following:

(1) Imprisonment for a period not to exceed six months.

(2) A fine not to exceed $500.

(3) Probation for a period not to exceed six months.

23 Pa.C.S. § 4344.

Section 4345 governs contempt for noncompliance with a support order and states:

> **(a) General rule.--**A person who willfully fails to comply with any order under this chapter, except an order subject to section 4344 (relating to contempt for failure of obligor to appear), may, as prescribed by general rule, be adjudged in contempt. Contempt shall be punishable by any one or more of the following:
>
> > (1) Imprisonment for a period not to exceed six months.
> >
> > (2) A fine not to exceed $1,000.
> >
> > (3) Probation for a period not to exceed one year.
>
> **(b) Condition for release.--**An order committing a defendant to jail under this section shall specify the condition the fulfillment of which will result in the release of the obligor.

23 Pa.C.S. § 4345

On February 6, 2014, an attorney entered an appearance on Father's behalf, but she failed to file an appeal from the January 21, 2014 order. On April 3, 2014, counsel filed a motion to reduce the purge amount. That motion was denied. On May 23, 2014, Father filed a *pro se* petition seeking *habeas corpus* relief from the contempt finding. He then filed this appeal from the May 27, 2014 order denying that request. In his *pro se* brief,[1] Father contends that he was wrongfully found to be in contempt of court on January 21, 2014, in that he had not paid support sporadically since he "paid

_____

[1]  The brief fails to conform to the Rules of Appellate Procedure in various respects, including the omission of a Statement of Questions Involved. We have been able to discern the outlined allegations from the body of the brief.

over 31,000 since the year 2002." Appellant's (unnumbered) brief at 2. He also avers that he made more than fourteen child support payments and did not willfully fail to appear for the 2002 support hearing. Finally, Father contests the purge condition with respect to his jail term. He argues that there was no evidence presented at the hearing indicating that he had the ability to pay the amount in question. **See Godfrey v. Godfrey**, 894 A.2d 776 (Pa.Super. 2006). Mother has not filed a brief in this matter.

Initially, we must address whether this appeal is timely as that question implicates our jurisdiction and must be raised *sua sponte*. **In re R.Y., Jr.**, 957 A.2d 780 (Pa.Super. 2008). A notice of appeal must be filed within thirty days of entry of the order in question. Pa.R.A.P. 903(a). Herein, Father did not file a timely notice of appeal from the original finding of contempt, which was issued on January 21, 2014.

Father did file a *habeas corpus* petition, which is not considered a substitute for filing an appeal. **Commonwealth ex rel. Budd v. Maroney**, 211 A.2d 479 (Pa. 1965). The writ of *habeas corpus* is a creature of English common law. **Commonwealth v. Wolfe**, 605 A.2d 1271 (Pa.Super. 1992). The ancient writ was issued where a person had been unlawfully detained in violation of due process and was a civil remedy regardless of whether the petitioner was detailed under civil or criminal process. **Id**. In Pennsylvania, the common law writ was supplanted by statutory enactment. **See** 42 Pa.C.S. § 6501 ("The privilege of the writ of *habeas corpus* shall not be suspended, unless when in the case of rebellion or invasion the public safety

may require it."); 42 Pa.C.S. § 6502 (a) ("**General rule.--**Any judge of a court of record may issue the writ of *habeas corpus* to inquire into the cause of detention of any person or for any other lawful purpose."). The writ does not apply in a criminal setting if post-conviction relief is otherwise available. 42 Pa.C.S. § 6503.[2]

While Father did file a writ challenging his imprisonment, it is nevertheless the law that: "As an extraordinary remedy, *habeas corpus* may be invoked only when remedies in the ordinary course have been exhausted or are not available; the writ is **not** a substitute for appellate review." ***Wolfe***, ***supra*** at 1273 (emphasis in original). Herein, Father was found in contempt on January 21, 2014. He engaged an attorney within the time frame for filing an appeal, but no appeal was filed. All of the contentions presently raised in Father's brief could have been pursued by the filing of a direct appeal from the January 21, 2014 contempt order. Hence, the

_____

[2] That provision states:

> **(a) General rule.--**Except as provided in subsection (b), an application for habeas corpus to inquire into the cause of detention may be brought by or on behalf of any person restrained of his liberty within this Commonwealth under any pretense whatsoever.
>
> **(b) Exception.--**Where a person is restrained by virtue of sentence after conviction for a criminal offense, the writ of habeas corpus shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law.

42 Pa.C.S. § 6503.

petition for writ of *habeas corpus* was an attempt to circumvent the requirements for filing a timely direct appeal from the contempt order. *Habeas corpus* was improperly invoked, and this appeal is untimely. We also note that Father's jail sentence was for six months, and that term expired on June 21, 2014. This fact renders moot his contention that the purge amount was improper based upon the fact that the court failed to ascertain whether he had the financial means to satisfy that amount.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2014