J-S09041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SAMUEL THEODORE ROSS | : | |
| | : | |
| Appellant | : | No. 1979 EDA 2021 |

Appeal from the Order Entered January 8, 2021
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0003055-1996

BEFORE: LAZARUS, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED MARCH 18, 2022**

Appellant Samuel Theodore Ross files this *pro se* appeal from the dismissal of his petition for writ of *habeas corpus*. As Appellant's challenge to the discretionary aspects of his sentence is not a cognizable claim in which *habeas* relief could be granted, we affirm.

In 1997, Appellant entered an open guilty plea to third-degree murder, robbery, burglary, and criminal conspiracy to commit burglary and robbery. Appellant was sentenced to twenty to forty years' imprisonment for the murder charge, consecutive sentences of five to ten years' imprisonment for the robbery and burglary charges, and concurrent sentences of five to ten years' imprisonment on his conspiracy charges. Thus, Appellant received an aggregate sentence of thirty to sixty years' imprisonment.

_____

[*] Former Justice specially assigned to the Superior Court.

On January 20, 1998, this Court affirmed the judgment of sentence on appeal, specifically declining to review Appellant's argument that his sentence was manifestly excessive, as this Court found this claim did not raise a substantial question for review. Appellant did not file a petition for allowance of appeal to the Supreme Court.

Thereafter, Appellant filed numerous petitions (approximately eleven) pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541 *et seq*, and all of these petitions were denied. Appellant's most recent PCRA petition was denied in 2019 as untimely filed. **See Commonwealth v. Ross**, 2816 EDA 2018 (Pa.Super. March 29, 2019) (unpublished memorandum).

On June 10, 2020, Appellant filed a "Petition for Common Law Habeas Corpus Relief," a "Petition to Supplement Newly Discovered Evidence for Common Law Habeas Corpus Relief," and a "Supplemental Petition for Common Law Civil Habeas Corpus Relief." On September 1, 2020, Appellant filed a "Common Law Writ of Habeas Corpus." In these filings, Appellant argued that his sentence was excessive.

On January 8, 2021, the lower court dismissed Appellant's filings finding that Appellant's claims challenging the discretionary aspects of his sentence were not cognizable under *habeas* case law. Appellant filed this appeal and complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant argues on appeal that the lower court made an "unfair and incorrect" ruling in finding that Appellant's claim that his sentence was

excessive was not cognizable in a *habeas* petition. Appellant's Brief, at 12. We disagree.

Our courts have held that "[*h*]*abeas corpus* is an extraordinary remedy and is available after other remedies have been exhausted or ineffectual or nonexistent. It will not issue if another remedy exists and is available." ***Commonwealth v. Smith***, 194 A.3d 126, 138 (Pa.Super. 2018) (citing ***Commonwealth ex rel. Johnson v. Bookbinder***, 213 Pa.Super. 335, 247 A.2d 644, 646 (1968)).

The writ of *habeas corpus* "is *not* a substitute for appellate review." ***Commonwealth v. Wolfe***, 605 A.2d 1271, 1273 (Pa.Super. 1992) (emphasis in original) (citations omitted). ***See also Commonwealth v. Johnson***, 732 A.2d 639, 644 (Pa.Super. 1999) (*habeas corpus* may not be used to litigate claims that "may be raised in post-trial motions, on direct appeal, or litigated pursuant to statutory post-conviction provisions, *i.e.*, the PCRA"); ***Commonwealth ex rel Maryanski v. Myers***, 189 A.2d 305, 306 (Pa.Super. 1963) ("[a] writ of habeas corpus cannot be resorted to or used as a substitute for an appeal or writ of error, or for a motion for a new trial").

This Court expressly held in ***Wolfe*** that "a challenge to the discretionary aspects of sentencing is not a proper basis for habeas corpus relief." ***Wolfe***, 605 A.2d at 1274 (citing ***Commonwealth ex rel. Camara v. Myers***, 193 A.2d 642 (Pa.Super. 1963) (court's discretionary power in imposing sentence is not subject to review on *habeas corpus*).

As Appellant's filings in the lower court focused on his claim that the trial court abused its discretion in imposing an excessive sentence, we agree with the trial court's conclusion that Appellant's claims are not cognizable under the remedy of *habeas corpus*. **Wolfe**, **supra**. Further, Appellant's challenge to the trial court's discretion in imposing his sentence was evaluated in the regular course of appellate review. Appellant attempted to raise this claim on direct appeal in claiming that his sentence was manifestly excessive, but this Court found that Appellant had not raised a substantial question entitling him to review. **See also Commonwealth ex. rel. Firmstone v. Russell**, 175 A.2d 921, 923 (Pa.Super. 1961) ("[r]epetitious petitions for habeas corpus may not be employed as devices to secure appellate review of adjudicated matters").

Accordingly, we conclude that the lower court did not err in finding that Appellant was not entitled to *habeas* review.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/2022

- 4 -