J-S44001-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GILES W. WITHERSPOON | : | |
| | : | |
| Appellant | : | No. 3176 EDA 2023 |

Appeal from the PCRA Order Entered November 22, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0000086-2000

BEFORE:  NICHOLS, J., MURRAY, J., and LANE, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED MARCH 18, 2025**

Appellant Giles W. Witherspoon appeals *pro se* from the order dismissing his petition which he styled as a petition for writ of *habeas corpus* relief.  The trial court treated Appellant's *pro se* filing as a petition for relief under the Post Conviction Relief Act[1] (PCRA).  After review, we affirm the trial court's order dismissing Appellant's *pro se* petition, albeit on different grounds.[2]

A prior panel of this Court set forth the relevant facts and lengthy procedural history of this case as follows:

> A jury convicted Appellant of rape, kidnapping, aggravated assault, and simple assault.[3]  On December 4, 2001, the court

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] This Court may affirm the decision of the trial court if it is correct on any basis.  ***See Commonwealth v. Rosendary***, 313 A.3d 236, 242 n.5 (Pa. Super. 2024).

[3] 18 Pa.C.S. §§ 3121, 2901, 2702, and 2701, respectively.

sentenced Appellant to an aggregate term of 13.5 to 27 years' incarceration plus five years of probation. This Court affirmed Appellant's judgment of sentence on April 8, 2003, and our Supreme Court denied allowance of appeal on September 30, 2003. *Commonwealth v. Witherspoon*, 828 A.2d 405 (Pa. Super. 2003) (unpublished memorandum) [(*Witherspoon I*)], *appeal denied*, 832 A.2d 436 (Pa. 2003).

Appellant filed a PCRA petition on April 14, 2005, which the court dismissed as untimely on April 6, 2006. On appeal, however, this Court vacated and remanded, holding that the record supported Appellant's position that he had filed a timely PCRA petition in 2004. *Commonwealth v. Witherspoon*, 929 A.2d 250 (Pa. Super. 2007) (unpublished memorandum) [(*Witherspoon II*)]. On remand, the PCRA court conducted an evidentiary hearing after which it denied PCRA relief on December 30, 2010. On December 9, 2013, Appellant filed what he purported to be an "amended" PCRA petition. On July 31, 2014, the PCRA court entered an order treating the filing as Appellant's second PCRA petition, and dismissing it as untimely filed. This Court affirmed the PCRA court's order on July 21, 2015, and our Supreme Court subsequently denied Appellant's petition for allowance of appeal. *See Commonwealth v. Witherspoon*, 125 A.3d 456 (Pa. Super. 2015) (unpublished memorandum) [(*Witherspoon III*)], *appeal denied*, 130 A.3d 1290 (Pa. 2016).

On February 14, 2019, Appellant filed a *pro se* "Petition for Correction of Sentence *Nunc Pro Tunc*." The court treated the petition as a third, untimely PCRA petition, and the court dismissed it without a hearing on April 29, 2019. On June 30, 2020, this Court affirmed the denial of relief, albeit on different grounds . . . . *See Commonwealth v. Witherspoon*, 237 A.3d 1096[, 2020 WL 3579695] (Pa. Super. [filed Jun. 30,] 2020) (unpublished memorandum) [(*Witherspoon IV*)]. Specifically, this Court held that Appellant's argument . . . that the trial court erred in calculating his prior record score[] was a challenge to the discretionary aspects of sentencing that was not cognizable under the PCRA. Thus, this Court held that the [trial] court should have treated Appellant's prayer for relief as an untimely post-sentence motion, instead of an untimely PCRA petition. *See id.*

On June 21, 2022, Appellant filed [a] petition for writ of *habeas corpus* in the Delaware County Court of Common Pleas, Civil Division. On November 16, 2022, the [court of common pleas] transferred the matter to this criminal docket number. On

November 22, 2022, the court issued an order noting that because Appellant's [petition] sought relief cognizable under the PCRA, the petition should be treated under the PCRA. Thus, the court dismissed the petition as untimely. Appellant timely filed a *pro se* notice of appeal on December 13, 2022. . . .

*Commonwealth v. Witherspoon*, 3201 EDA 2022, 2023 WL 7104005, at *1 (Pa. Super. filed Oct. 27, 2023) (unpublished mem.) (some formatting altered) (*Witherspoon V*).[4]

The *Witherspoon V* Court concluded that the relief Appellant's request once again involved the calculation of his prior record score. *See id.*, 2023 WL 7104005 at *2. Specifically, the *Witherspoon V* Court explained:

Preliminarily, we must ascertain whether the court properly treated Appellant's current prayer for relief under the PCRA. It is "well-settled that a challenge to the calculation of a prior record score goes to the discretionary aspects, not legality, of sentencing." *Commonwealth v. Shreffler*, 249 A.3d 575, 583 (Pa. Super. 2021) (citation omitted). Additionally, "[*h*]*abeas corpus* is an extraordinary remedy and is available after other remedies have been exhausted or ineffectual or nonexistent. It will not issue if another remedy exists and is available." *Commonwealth v. Smith*, 194 A.3d 126, 138 (Pa. Super. 2018). The writ of *habeas corpus* "is not a substitute for appellate review." *Commonwealth v. Wolfe*, 605 A.2d 1271, 1273 (Pa. Super. 1992), *appeal denied*, 612 A.2d 985 (Pa. 1992) (emphasis and citations omitted). Further, "[a] challenge to the discretionary aspects of sentencing is not a proper basis for *habeas corpus* relief." *Id.* at 1274 (citation omitted).

As this Court noted in [*Witherspoon IV*], claims pertaining to the discretionary aspects of sentencing are not cognizable under the PCRA. In *Commonwealth v. Wrecks*, 934 A.2d 1287 (Pa.

---

[4] *See* Pa.R.A.P. 126(d) (stating that "[a]ny disposition may . . . be cited if relevant to the doctrine of law of the case, res judicata, or collateral estoppel, or if relevant to a criminal action or proceeding because it recites issues raised and reasons for a decision affecting the same defendant in a prior action or proceeding.").

Super. 2007), this Court held that "[r]equests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings." *Id.* at 1289. Accordingly, the *Wrecks* Court held that the appellant's motion, which challenged the discretionary aspects of his sentence, was a post-sentence motion and not a PCRA petition. Th[e *Wrecks*] Court concluded that "[b]ecause the post-sentence motion was filed years after sentencing, the court was correct to deny it as being untimely." *Id.* (citing Pa.R.Crim.P. 720(A)(1) (stating that post-sentence motions must be filed within ten days of sentencing)).

Instantly, Appellant makes the same argument in his current petition that he made in his February 14, 2019 petition for correction of sentence—namely, that he is serving an unlawful sentence based on alleged errors in calculating his prior record score. This claim raises a challenge to the discretionary aspects of his sentence. *See Wolfe, supra*. As such, Appellant's current prayer for relief is not a proper basis for *habeas corpus* relief. *See Shreffler, supra*. Nor is this claim cognizable under the PCRA. *See Wrecks, supra*. Rather, Appellant's belated challenge to the discretionary aspects of his sentence must be considered an untimely post-sentence motion. *See id.* Therefore, we affirm the order denying relief, albeit on grounds different than the PCRA court.

*Id.* at *2-3 (footnote omitted).

On November 15, 2023, Appellant filed the petition for writ of *habeas corpus* relief which underlies this appeal, and he filed it at a civil court docket number. On November 21, 2023, the trial court transferred Appellant's petition to Appellant's criminal court docket. After review, the trial court treated Appellant's petition for *habeas corpus* relief as an untimely PCRA petition, and it dismissed the petition. *See* Order, 11/22/23. Appellant filed

a timely notice of appeal, and both the trial court and Appellant complied with

Pa.R.A.P. 1925.[5]

In his *pro se* brief, Appellant presents the following issues:

1. Did the Delaware County Court of Common Pleas commit egregious error when it ignored the invalidated sentencing factor which was causal to the unique circumstances that occurred during the sentencing stage, and then afterwards, throughout the appellate process, and then transferred [Appellant's] writ of *habeas corpus ad subjiciendum* filed as a civil action, from Docket No.: CV-2023-9737, to the criminal docket at No.: CP-23-CR-0086-2000?

2. Did the Delaware County Court of Common Pleas violate [Appellant's] substantive due process right(s) to have his writ of *habeas corpus ad subjiciendum* be heard, then the [c]ourt, after errantly closing the case, failed to process [Appellant's] notice of appeal to the Pennsylvania Superior Court as a civil matter under docket No.: CV-2023-009737?

3. Were [Appellant's] sentencing proceedings rendered unconstitutional in that the sentencing judge infected that proceeding[] with improper information, and acting through governmental interference, and utilizing the same improper information impeded all [Appellant's] attempts at appellate review[?]

Appellant's Brief at 4 (some formatting altered).

Similar to the issues raised in **Witherspoon IV** and **Witherspoon V**,

the focus of Appellant's instant petition presents a challenge to the calculation

of his prior record score. **See** Appellant's Pet. for Writ of *Habeas Corpus*,

_____

[5] The trial court ordered Appellant to file a Rule 1925(b) statement on or before January 10, 2024. **See** Order, 12/20/23. Prior to the trial court's order, Appellant filed a Rule 1925(b) statement dated December 5, 2023, and filed on December 20, 2023, and Appellant filed a second Rule 1925(b) statement dated January 2, 2024, and filed on January 5, 2024.

11/15/23, at 9-10; Appellant's Brief at 17, 20-21; *see also Witherspoon IV*, 2020 WL 3579695 at \*3-4; *Witherspoon V*, 2023 WL 7104005 at \*2.[6] We reiterate that a challenge to the calculation of a prior record score presents a challenge to the discretionary aspects of Appellant's sentence. *See Shreffler*, 249 A.3d at 583. However, a challenge to the discretionary aspects of a sentence is not cognizable under the PCRA, nor is it a proper basis for *habeas corpus* relief. *See Wrecks*, 934 A.2d at 1289; *Wolfe*, 605 A.2d at 1274; *see also Witherspoon IV*, 2020 WL 3579695 at \*3-4; *Witherspoon V*, 2023 WL 7104005 at \*2. As prior panels of this Court explained in both *Witherspoon IV* and *Witherspoon V*, because Appellant's petition is a challenge to the discretionary aspects of his sentence which was filed more than ten days after the imposition of sentence, Appellant's petition must be considered an untimely post-sentence motion.[7] *See Wrecks*, 934 A.2d at 1289; *see also Witherspoon IV*, 2020 WL 3579695 at \*3-4; *Witherspoon*

_____

[6] To the extent that Appellant purports to challenge in his appellate brief the sufficiency of the evidence or allege governmental interference with his claims, we conclude that those issues are waived as they were not presented in Appellant's first or second Rule 1925(b) statement. *See Commonwealth v. Jackson*, 215 A.3d 972, 978 (Pa. Super. 2019) (explaining that a Rule 1925(b) statement must properly specify the error to be addressed on appeal, and a Rule 1925(b) statement that is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no statement and may result in waiver).

[7] Appellant filed the instant *habeas corpus* petition which underlies the basis of this appeal more than twenty years after his sentence was imposed in 2001, and therefore, the petition is patently untimely. *See* Pa.R.Crim.P. 720(A)(1) (stating that post-sentence motions must be filed within ten days of sentencing)).

*V*, 2023 WL 7104005 at *2. Accordingly, the trial court did not have jurisdiction to address Appellant's untimely post-sentence motion.[8] **See Wrecks**, 934 A.2d at 1289; **see also Witherspoon IV**, 2020 WL 3579695 at *4; **Witherspoon V**, 2023 WL 7104005 at *3.

For these reasons, we affirm the trial court's order dismissing Appellant's petition, albeit on different grounds. **See Rosendary**, 313 A.3d at 243 n.5; **see also Witherspoon IV**, 2020 WL 3579695 at *3-4; **Witherspoon V**, 2023 WL 7104005 at *2-3.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/18/2025

---

[8] Because Appellant's petition was in fact an untimely post-sentence motion involving the judgment of sentence in the instant criminal matter, we discern no error in the trial court transferring Appellant's petition, which had been filed at a civil docket number, to Appellant's underlying criminal docket. **See, e.g.**, **Wrecks**, 934 A.2d at 1289 (explaining that the appellant's challenge to the discretionary aspects of his sentence was properly treated as an untimely post-sentence motion).