J-S46017-25

2026 PA Super 129


IN THE INTEREST OF: Z.B., A MINOR  : IN THE SUPERIOR COURT OF
                                                      :       PENNSYLVANIA
                                                      :
APPEAL OF: Z.K.B., FATHER           :
                                                      :
                                                      :
                                                      :    No. 1047 WDA 2025

Appeal from the Order Entered July 15, 2025
In the Court of Common Pleas of Venango County Juvenile Division at
No(s): CP-61-DP-0000075-2021


IN THE INTEREST OF: Z.B., A MINOR  : IN THE SUPERIOR COURT OF
                                                        :       PENNSYLVANIA
                                                      :
APPEAL OF:  Z.K.B., FATHER         :
                                                      :
                                                      :    No. 1048 WDA 2025

Appeal from the Order Entered July 15, 2025
In the Court of Common Pleas of Venango County Juvenile Division at
No(s): CP-61-DP-0000076-2021


IN THE INTEREST OF: Z.B., A MINOR  : IN THE SUPERIOR COURT OF
                                                        :       PENNSYLVANIA
                                                      :
APPEAL OF:  Z.K.B., FATHER         :
                                                      :
                                                      :    No. 1049 WDA 2025

Appeal from the Order Entered July 15, 2025
In the Court of Common Pleas of Venango County Juvenile Division at
No(s): CP-61-DP-0000073-2021


BEFORE:  BOWES, J., NICHOLS, J., and KING, J.

OPINION BY NICHOLS, J.:                    **FILED: June 18, 2026**

Appellant Z.K.B. (Father) appeals from the denial of his petition for writ of *habeas corpus* seeking to vacate the removal and adjudications of dependency for three of Father's children. Father claims that his counsel was ineffective and that the trial court should have excluded evidence obtained pursuant to an unlawful search. We affirm.

Briefly, Father and H.N.B. (Mother) are the natural parents of Zer.B., born in 2020; Zar.B., born in 2019; and Zas.B., born in 2018 (collectively, Children). **See** Trial Ct. Op., 7/14/25, at 5. The relevant facts as provided by the trial court are as follows:

> [Father and Mother] were arrested and incarcerated in the Venango County Jail on October 29, 2021 following a search [on the same date] of the residence at 328 Washington Avenue, Oil City, Venango County. . . where [Children] resided, resulting in the seizing of controlled substances (heroin and cocaine), $739 in cash, cutting agents, metal knuckles with concealed knife, scales, and other drug paraphernalia and an illegally possessed .45 caliber pistol with loaded magazine. [Children] were initially entrusted to their maternal grandmother, [H.W.]. However, [after H.W.'s home] did not pass safety guidelines [upon a walk-through conducted by Venango County Human Services (the Agency)], a shelter care hearing was held on November 5, 2021 and [the Agency placed Children] in foster care under an emergency shelter care order. They were later adjudicated dependent and placed in foster care on November 12, 2021 . . . since both parents were still incarcerated and no approved kinship resource was available.
>
> *       *       *
>
> Currently, [Children] are still in foster care **together** and [Father] is serving a lengthy jail sentence while [Mother] is in a halfway house after completing an inpatient drug treatment program. . . .

Starting February 1, 2022, [fourteen] permanency review hearings have been held, . . . the most recent being on March 26, 2025. [Children] were continued in foster care each time.

Trial Ct. Findings, Conclusions, & Order, 7/14/25, at 2-3 (some formatting altered).

By way of relevant background, the trial court explained that due to the COVID-19 pandemic, over the course of Children's dependency proceedings there were

complications in getting cooperation with the Department of Corrections for [Father] to attend [videoconference hearings] and in-person [hearings] were troublesome, plus there were multiple parties and attorneys, several court-appointed attorneys were removed at [Father's] request or the request of some attorneys after he sued them in federal court, difficulties in finding attorneys to replace removed attorneys, and limited availability of court time, etc.

*Id.* at 2 (some formatting altered).

On November 12, 2021, the parties informed the trial court that they had "reached an agreement on uncontestable findings of facts that were used with the consent of the parties for adjudication and disposition of the dependency petitions." *Id.* at 13 (some formatting altered). The trial court noted that the parties were represented by their respective attorneys at the proceedings. *See id.* Specifically,

Attorney Neil Rothschild was appointed to represent [Father], but Attorney Rothschild was out of the state for the adjudication hearing . . . and could not attend, so Attorney Jeri Bolton, who was already appointed to represent [Jam.L.], father of [J.L., one of Mother's other children] agreed to stand in for Attorney Rothschild and represent [Father] at the facilitation and adjudication proceedings. [Attorney Bolton's] representation of

[Father] began just minutes prior to the hearing, so she would not have been able to correspond with [Father] until she began her brief representation of him. Furthermore, attorneys were not permitted in the Venango County Jail at the time because of the COVID pandemic. Nonetheless, she was familiar with the case because she was already representing [Jam.L.] . . . [Jam.L] did not attend the adjudication hearing. [Attorney Bolton's] representation of [Father] began and ended the same day.

*See id.* at 13-14 (some formatting altered).

On December 28, 2023, Father filed a *pro se* petition for writ of *habeas corpus*, in which he challenged "the legality of [Children's] restraint of their liberty" and claimed that Attorney Rothschild and Attorney Bolton provided ineffective assistance of counsel at the shelter care and dependency adjudication hearings and that the search of Mother's residence on October 29, 2021 was unlawful. *See Habeas* Petition, 12/28/23, at 2-7.[1]

On July 15, 2025, after a hearing, the trial court found no merit to Father's clams and denied the *habeas* petition on all counts. *See* Trial Ct. Findings, Conclusions, & Order, 7/14/25, at 26 (stating "the court . . . consider[ed] the petition on the merits"). Father filed a timely notice of appeal and both Father and the trial court complied with Pa.R.A.P. 1925.

On appeal, Father raises the following issues:

1. Whether the [trial] court erred as a matter of law or abused its discretion in denying the petition for *habeas corpus* when finding that there is no ineffectiveness [of] counsel on the part of Attorney [Neil] Roth[s]child at the shelter care hearing or

---

[1] While Father's petition is styled "Amended Writ of *Habeas Corpus*," the certified record does not contain any prior filing by Father seeking *habeas* relief in these matters.

the hearing finding [Children] dependent despite that the evidence established that [Father] had no attorney, *i.e.*, no representation at either of those hearings.

2. Whether the [trial] court erred as a matter of law or abused its discretion in denying the *habeas corpus* when finding that the probation officer had a right to search the house despite evidence that [Father] did not sign the paperwork.

3. Whether the [trial] court erred as a matter of law or abused its discretion in denying the *habeas corpus* in determining that the falsified parole home agreement could be used despite the fact that the [trial] court also found that [Father's] signature was not on the document.

Father's Brief at 5 (some formatting altered).

Before reaching the merits of Father's issues, we consider whether we have jurisdiction to address the claims raised in Father's petition for writ of *habeas corpus*.

As this Court has previously explained:

The writ [of *habeas corpus*] lies to secure the immediate release of one who has been detained unlawfully, in violation of due process. Traditionally, the writ has functioned only to test the legality of the petitioner's detention.

*Habeas corpus* is a civil remedy, regardless of whether the prisoner has been detained under civil or criminal process. The statutory writ in Pennsylvania, however, lies only for commitments under criminal process. As an extraordinary remedy, *habeas corpus* may be invoked only when remedies in the ordinary course have been exhausted or are not available; the writ is not a substitute for appellate review.

***Commonwealth v. Wolfe***, 605 A.2d 1271, 1273 (Pa. Super. 1992) (citations omitted and some formatting altered).

This Court considered a *habeas* action in ***In re J.P.***, 573 A.2d 1057 (Pa. Super. 1990), and stated that in dependency proceedings

> the constitutional provisions, rules and laws designed to govern proceedings in adult criminal or civil actions are not necessarily applicable or desirable, . . . [as dependency] proceedings are not purely adversarial[.  Further,] the focus on the unity of the family and the best interest of the child are sufficiently important to avoid hindering the court with procedural and technical limitations.

> While a dependency proceeding is adversarial in the sense that it places the State in opposition to the parents with respect to the custody of the child[,] it does not implicate the liberty interests of the parent or the child as would the case of a defendant in a criminal action.

***J.P.***, 573 A.2d at 1062 (some formatting altered).  Noting that the right to counsel in criminal matters arises under the Sixth Amendment to the United States Constitution, whereas the right to counsel in juvenile proceedings derives from the Fourteenth Amendment, the ***J.P.*** Court concluded that "*habeas corpus* proceedings do not apply to dependency cases." ***Id.*** at 1062-63 (citing ***Lehman v. Lycoming Cty. Child.'s Servs.***, 458 U.S. 502, 510-11 (1982)).

The United States Supreme Court in ***Lehman*** considered a Pennsylvania dependency matter in which a mother had filed a federal petition for writ of *habeas corpus* seeking to remove her dependent children from the foster homes where they had been placed by the county child services agency. ***Lehman***, 458 U.S. at 504-06.  The mother argued that her children were "involuntarily in the custody of the State . . . because they are in foster homes pursuant to an order issued by a state court." ***Id.*** at 510.  ***Lehman*** noted

that the children were "not prisoners[, nor] do they suffer any restrictions imposed by a state criminal justice system." *Id.* Consequently, the **Lehman** Court concluded that "the type of custody that traditionally has been challenged through federal *habeas*" did not encompass the needful custody provided by foster parents for dependent children and found that the mother "simply seeks to relitigate . . . not any liberty interest of her [children], but the interest in her own parental rights" in filing the petition for the writ of *habeas*. **Id.** at 511.

Finally, it is well established that it is the dispositional order following an adjudication of dependency that is the final appealable order in dependency proceedings. **See In re J.M.**, 219 A.3d 645, 651 (Pa. Super. 2019). To appeal from a dependency order, an appellant must file a notice of appeal from the dispositional order within thirty days of the entry of the order. **See In re J.O.M.T.W.**, 136 MDA 2023, 2023 WL 5162375, at *4 n.11 (Pa. Super. filed Aug. 11, 2023) (unpublished mem.);[2] **see also** Pa.R.A.P. 903(a).

Here, Father did not file a timely notice of appeal from the dispositional orders of November 12, 2021, entered after Children were adjudicated dependent. **See** Trial Ct. Orders, 11/12/21, at 3. Instead, on December 28, 2023, more than two years later, Father filed his petition for writ of *habeas corpus*, which raised claims challenging Children's removal and dependency adjudications. **See** *Habeas* Petition, 12/28/23, at 2-4, 9 (stating that Children

---

[2] We may cite to unpublished memorandum decisions of the Superior Court filed after May 1, 2019, for their persuasive value. **See** Pa.R.A.P. 126(b).

had been "adjudicated dependent, and placed in custody care in violation of law" and raising claims regarding the dependency adjudication); at 5-8 (raising ineffective assistance of counsel claims based on counsels' performance at the shelter care and dependency hearings); *see also In re K.S.*, 748 EDA 2025, 2025 WL 2721205, at *7 (Pa. Super. filed Sept. 24, 2025) (unpublished mem.) (stating that claims of ineffective assistance of counsel in a dependency proceeding are properly raised "in an appeal filed after the entry of a dependency and dispositional order" (citations omitted)). However, as stated above, the writ of *habeas corpus* is not available in dependency cases. *See J.P.*, 573 A.2d at 1062.

Further, even if *habeas* relief was available in dependency cases, it would only apply "when remedies in the ordinary course have been exhausted or are not available" and not as "a substitute for appellate review." *See Wolfe*, 605 A.2d at 1273. Here, a remedy to challenge the dependency adjudication existed, as Father could have appealed from the dispositional orders entered after Children were adjudicated dependent. *See J.M.*, 219 A.3d at 651; *J.O.M.T.W.*, 2023 WL 5162375, at *4 n.11. Father took no such action.

Accordingly, because the writ of *habeas corpus* is unavailable in dependency cases, we conclude that the trial court did not err in denying Father's *habeas* petition, albeit on different grounds to the extent that the trial court considered the merits of Father's claims. *See J.P.*, 573 A.2d at 1062;

*see In re C.O.*, 84 A.3d 726, n.3 (Pa. Super. 2014) (stating this Court "can affirm the juvenile court's decision on any basis" (citation omitted)).

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 06/18/2026