J-S17021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT RAYNOVICH, | |
| Appellant | No. 1018 WDA 2015 |

Appeal from the PCRA Order June 9, 2015
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0004603-2000, CP-02-CR-0004605-2000, CP-02-CR-0004849-2000, CP-02-CR-0004852-2000, CP-02-CR-0004854-2000, CP-02-CR-0004857-2000

BEFORE:  GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED APRIL 5, 2016**

Appellant, Robert Raynovich, appeals *pro se* from the order denying his *pro se* "motion for modification of sentence" and *pro se* "motion for reconsideration for newly sexually violent predator hearing."  We affirm in part and quash in part.

A prior panel of this Court summarized the factual and partial procedural history of this case as follows:

> In 2001, Raynovich was convicted of numerous counts of crimes involving sexual contact with multiple minor girls. Pursuant to the requirements of Megan's Law II, Raynovich was evaluated by a member of the Sexual Offenders Assessment Board and following a hearing, the trial court found Raynovich to

---

[*]  Former Justice specially assigned to the Superior Court.

be an [Sexually Violent Predator ("SVP")]. The trial court then sentenced him to an aggregate term of 29 to 62 years of incarceration. On direct appeal, this Court affirmed Raynovich's judgment of sentence. The Pennsylvania Supreme Court denied Raynovich's petition for allowance of appeal in January 2005.

Raynovich filed a *pro se* [Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546 ("PCRA")] petition in March 2005. Counsel was appointed and an amended PCRA petition was filed in December 2005. The PCRA court held an evidentiary hearing in March 2006, following which it denied Raynovich's petition. Although Raynovich appealed from that determination, this Court found all claims waived because of his failure to file a timely statement of matters complained of on appeal.

Raynovich filed a PCRA petition *pro se* in July 2009. Counsel was appointed and an amended petition was filed in January 2010, arguing for the reinstatement of Raynovich's appellate rights with regard to his previous PCRA petition. Following a hearing in April 2010, the PCRA court denied the petition, but this Court reversed and remanded, finding that counsel's failure to timely file the statement of matters complained of in the appeal from the denial of his first PCRA petition constituted abandonment by counsel, pursuant to our Supreme Court's decision in **Commonwealth v. Bennett**. **See Commonwealth v. Raynovich**, 30 A.2d 532 (Pa. Super. 2011) (unpublished memorandum).

In June 2011, the PCRA court entered an order reinstating Raynovich's appellate rights with regard to his first PCRA petition. Raynovich filed a timely statement of matters complained of on appeal raising three issues, and the PCRA court subsequently issued an opinion addressing those issues.

**Commonwealth v. Raynovich**, 1193 WDA 2011, 47 A.3d 1245 (Pa. Super.

filed March 15, 2012) (unpublished memorandum at 1-3).

On March 15, 2012, a panel of this Court denied relief.

**Commonwealth v. Raynovich**, 1193 WDA 2011, 47 A.3d 1245 (Pa. Super.

filed March 15, 2012) (unpublished memorandum at 1-3). Appellant filed a

petition for allowance of appeal with the Supreme Court, which was denied on November 28, 2012. **Commonwealth v. Raynovich**, 127 WAL 2012, 57 A.3d 69 (Pa. filed November 28, 2012).

On January 8, 2013, Appellant, *pro se*, filed a "motion for modification of sentence," seeking to have his sentences imposed concurrently rather than consecutively. On September 19, 2014, Appellant filed a *pro se* "motion for reconsideration for newly sexually violent predator hearing." Attorney Charles R. Pass, III, was appointed to represent Appellant on these matters. Attorney Pass sought to withdraw from the case pursuant to **Turner/Finley**.[1] The common pleas court issued a notice of intent to dismiss both motions pursuant to Pa.R.Crim.P. 907 on April 16, 2015, and permitted Attorney Pass to withdraw. On June, 9, 2015, the common pleas court issued an order dismissing Appellant's pleadings.

Appellant filed a notice of appeal on June 25, 2015.[2] Both Appellant and the common pleas court complied with the requirements of Pa.R.A.P. 1925.

_____

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] We note that in addition to filing the notice of appeal in this matter, Appellant also filed a petition for allowance of appeal to this Court. Petition for Permission to Appeal, 6/18/15. Because the petition seeking allowance of appeal to this Court was duplicative and unnecessary, this Court issued an order dated August 3, 2015, dismissing Appellant's petition seeking permission to appeal. Order, filed 8/3/15, at 41 WDM 2015.

Appellant presents the following issues, which we reproduce verbatim, for our review:

1. Was the sexual violent predator report complete?

2. Did Dr. Berstein do the report himself?

3. Did Dr. Berstein check the report for the facts?

4. Did Dr. Berstein show bias in his opinion of sex offenders?

5. Is the Diagnostic and Statistical Manual of Mental Disorder 4th Edition 1995 the correct manual to use?

Appellant's Brief at 3.

We first note that the common pleas court treated both *pro se* motions filed by Appellant as PCRA petitions. Additionally, the issues listed in Appellant's statement of questions involved all relate to various aspects of the SVP-determination process as raised in Appellant's *pro se* "motion for reconsideration for newly sexually violent predator hearing." Despite the treatment of these pleadings as such by the common pleas court, however, this Court has held that claims challenging the process by which a convicted defendant is determined to be an SVP is not cognizable under the PCRA. ***Commonwealth v. Masker***, 34 A.3d 841, 843-844 (Pa. Super. 2011). ***See also Commonwealth v. Price***, 876 A.2d 988, 994 (Pa. Super. 2005) (holding that a challenge to the sufficiency of the evidence to support an SVP classification was not cognizable under the PCRA.) Thus, the common pleas did not abuse its discretion in declining to grant Appellant relief under the PCRA.

Additionally, we note that Appellant's claims regarding the SVP hearing process are not cognizable outside of the PCRA framework as petitions for state *habeas corpus* relief. This Court has explained the following with regard to relief under *habeas corpus*:

> Under Pennsylvania statute, *habeas corpus* is a civil remedy which lies solely for commitments under criminal process. *Habeas corpus* is an extraordinary remedy and may only be invoked when other remedies in the ordinary course have been exhausted or are not available. If a petitioner is in custody by virtue of a judgment of sentence of a court of competent jurisdiction, the writ generally will not lie. Pennsylvania law explicitly states that in cases where a person has been restrained by virtue of sentence after conviction for a criminal offense, the writ of *habeas corpus* shall not be available if a remedy may be had by post conviction hearing proceedings authorized by law. **See** 42 Pa.C.S.A. § 6503(b) (Right to apply for a Writ of Habeas Corpus). **Issues are not cognizable under the statutory remedy of *habeas corpus* if they could have been considered and corrected in the regular course of appellate review or by post-conviction proceedings authorized by law**.

*Commonwealth v. McNeil*, 665 A.2d 1247, 1249-50 (Pa. Super. 1995) (some internal citations omitted) (emphasis added). Furthermore, "[the] conviction cannot be put aside lightly, and it becomes stronger the longer the judgment stands. Consequently, *habeas corpus* generally is not available to review a conviction which has been affirmed on appeal." *Commonwealth v. Wolfe*, 605 A.2d 1271, 1273 (Pa. Super. 1992) (internal citations omitted).

Here, Appellant challenged the sufficiency of the evidence supporting the trial court's determination that he was a sexually violent predator in his

- 5 -

direct appeal. ***Commonwealth v. Raynovich***, 873 WDA 2001, 849 A.2d 609 (Pa. Super. filed February 18, 2004) (unpublished memorandum at 2). Thus, the specific challenges in the appeal before us were known to Appellant then and could have been raised at that time. ***McNeil***, 665 A.2d at 1249-1250. Moreover, Appellant's conviction has been affirmed on appeal.[3] ***Wolfe***, 605 A.2d at 1273. Accordingly, the common pleas court was correct in declining to accord *habeas corpus* relief.

In summary, Appellant is entitled to no relief on his claims related to the SVP-determination process. The trial court properly denied Appellant relief under the PCRA, and Appellant cannot demonstrate that the alternative remedy of *habeas corpus* is available to him. Thus, Appellant's claims related to the SVP-determination process warrant no relief.

We further note that while not included in the statement of questions involved, Appellant does include in the body of his brief a challenge to the discretionary aspects of his sentence. Pursuant to Appellate Rule 2116(a), Appellant's claim is waived for failure to list it in the Statement of Questions Involved. Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of question involved or is fairly suggested thereby.").

---

[3] ***Commonwealth v. Raynovich***, 873 WDA 2001, 849 A.2d 609 (Pa. Super. filed February 18, 2004) (unpublished memorandum).

Even if we decline to find this contention waived for failure to include it in his statement of questions involved, however, we conclude that such claim affords Appellant no relief. Appellant's issue implicates the discretionary aspects of sentence. *See Commonwealth v. Moury*, 992 A.2d 162, 169 (Pa. Super. 2010) (claim that imposition of consecutive sentences was an abuse of discretion was a challenge the discretionary aspects of sentencing); *Commonwealth v. Marts*, 889 A.2d 608, 611 (Pa. Super. 2005) (holding that challenge to the trial court's imposition of consecutive sentences is a challenge to the discretionary aspects of a sentence); *Commonwealth v. Lloyd*, 878 A.2d 867, 873 (Pa. Super. 2005) (the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court.) Requests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa. Super. 2006). Thus, because Appellant's *pro se* filing does not request relief contemplated by the PCRA, the pleading is a post-sentence motion and not a PCRA petition. *See Commonwealth v. Lutz*, 788 A.2d 993, 996 n.7 (Pa. Super. 2001) (holding that a filing which requests relief outside the PCRA will not be treated as a collateral petition).

Because this post-sentence motion was filed years after sentencing, it is untimely. *See* Pa.R.Crim.P. 720(A)(1) (stating that post-sentence motions must be filed within ten days of sentencing). As the motion was

late, it did not toll Appellant's direct appeal period. ***Commonwealth v. Felmlee***, 828 A.2d 1105, 1107 n.1 (Pa. Super. 2003). Therefore, his time for filing a direct appeal expired thirty days after he was sentenced in 2001. Pa.R.Crim.P. 720(A)(3). Consequently, this appeal is late and we lack jurisdiction to hear it. ***Commonwealth v. Millisock***, 873 A.2d 748, 751 (Pa. Super. 2005). Lacking jurisdiction, quashal is appropriate. ***Commonwealth v. Dreves***, 839 A.2d 1122, 1129 (Pa. Super. 2003) (quashing untimely appeal for lack of jurisdiction).

Order denying Appellant's "motion for reconsideration for newly sexually violent predator hearing" affirmed. Appeal from denial of Appellant's motion for modification of sentence quashed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/5/2016