J-S83004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY GIDDINGS, | : | |
| | : | |
| Appellant | : | No. 1092 EDA 2017 |

Appeal from the PCRA Order February 28, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0514881-1991

BEFORE: GANTMAN, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 16, 2018**

Appellant, Jeffrey Giddings, appeals *pro se* from the February 28, 2017 Order entered in the Philadelphia County Court of Common Pleas dismissing as untimely his fourth Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, and his Petition for Writ of *Habeas Corpus*.  We affirm.

This Court previously set forth the underlying facts, so we will not repeat them here.  ***See Commonwealth v. Giddings***, 640 A.2d 471 (Pa. Super. 1994) (unpublished memorandum); ***Commonwealth v. Giddings***, 832 A.2d 536 (Pa. Super. 2003).  In summary, on January 25, 1991,

Appellant[1] shot and killed Lawrence Hollerway during a robbery of a Philadelphia delicatessen.

After a bench trial, the Honorable David N. Savitt convicted Appellant of First-Degree Murder, four counts of Robbery, Criminal Conspiracy, and Possessing an Instrument of Crime.[2]  On October 21, 1992, the trial court imposed the mandatory sentence of life imprisonment.[3]

On January 28, 1994, this Court affirmed Appellant's Judgment of Sentence.  ***Commonwealth v. Giddings***, 640 A.2d 471 (Pa. Super. 1994) (unpublished memorandum).  Appellant did not seek review by the Pennsylvania Supreme Court.  Appellant's Judgment of Sentence became final on February 28, 1994, when his time for seeking review with the Pennsylvania Supreme Court expired.[4]  ***See*** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113.

On February 6, 2002, Appellant filed a *pro se* PCRA Petition, his first, in which he averred that his trial counsel was ineffective.  The PCRA court

_____

[1] Appellant's date of birth is December 5, 1971.  At the time of the murder, he was 19 years old.

[2] 18 Pa.C.S. § 2502(a); 18 Pa.C.S. § 3701; 18 Pa.C.S. § 903; and 18 Pa.C.S. § 907, respectively.

[3] The trial court also imposed an aggregate term of 15 to 60 years' incarceration to run consecutively.  The certified record includes a copy of the trial court's October 21, 1992 sentencing order and related paperwork.

[4] February 27, 1994, was a Sunday.  ***See*** 1 Pa.C.S. § 1908.

appointed counsel and eventually permitted counsel to withdraw pursuant to *Turner/Finley*.[5]  On October 2, 2002, the PCRA court dismissed Appellant's PCRA Petition.  This Court affirmed on July 30, 2003.  ***Commonwealth v. Giddings***, 832 A.2d 536 (Pa. Super. 2003).

Over the next several years, Appellant filed a second and third PCRA Petition, each of which was dismissed as untimely.

On July 17, 2013, Appellant filed a Petition for Writ of *Habeas Corpus* arguing that he "is eligible for immediate relief from the unlawful restraint of his liberty" because "there [] is no [s]entencing [o]rder … authorizing his current incarceration render[ing] his detention unlawful[.]"[6]  Appellant subsequently filed Amended Petitions on December 5, 2013, and October 17, 2014, and he appended several documents, including: (1) his April 12, 2013 "Standard Right-to-Know Request Form" seeking the "written Judgment of Sentence Order from Philadelphia County signed by the sentencing judge[,]" and (2) the Pennsylvania Department of Corrections' "Agency Attestation of Nonexistence of Records" stating that the requested records do not exist.

---

[5] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[6] Appellant originally filed his July 17, 2013 Petition for Writ of *Habeas Corpus* in the Civil Division of the Philadelphia County Court of Common Pleas.  On August 5, 2013, the Civil Division entered an Order transferring Appellant's Petition for Writ of *Habeas Corpus* to the Criminal Division.

On March 23, 2016, Appellant filed the instant *pro se* PCRA Petition seeking to invoke **Miller v. Alabama**, 567 U.S. 460 (2012), and **Montgomery v. Louisiana**, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016).[7] On February 28, 2017, the PCRA court dismissed the instant PCRA Petition without a hearing after providing notice pursuant to Pa.R.Crim.P. 907. In the same Order, the court also denied Appellant's Petition for Writ of *Habeas Corpus*.

Appellant timely filed a *pro se* Notice of Appeal. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) Statement of Errors. The PCRA court filed a Pa.R.A.P. 1925(a) Opinion and opined that (1) Appellant's PCRA Petition was untimely, (2) no timeliness exception applied, and (3) Appellant's Petition for Writ of *Habeas Corpus* lacked merit.

Appellant presents two issues for our review:

[1.] Whether the trial court abused its discretion in dismissing the instant Petition for Writ of *Habeas Corpus Ad Subjiciendum* since Appellant is confined pursuant [*sic*] a [s]entencing [o]rder absent the statute under Pennsylvania law that the [j]udge received [s]tatutory [a]uthorization from to impose the sentence?

[2.] Whether Appellant is entitled to Post Conviction Relief in the form of a new [s]entencing [h]earing as a result of after-

---

[7] In **Miller**, the U.S. Supreme Court held that it is unconstitutional for state courts to impose an automatic life sentence without possibility of parole upon a homicide defendant for a murder committed while the defendant was a juvenile. The United States Supreme Court held in **Montgomery** that its decision in **Miller** applies retroactively.

discovered mitigating evidence concerning recent finding i [*sic*] [b]rain [s]cience and [s]ocial [s]cience?

Appellant's Brief at 3 (suggested answers omitted).

We first address the issue presented in Appellant's Petition for Writ of *Habeas Corpus* and note the following general principles. We review a trial court's order denying a petition for writ of *habeas corpus* for an abuse of discretion. ***Rivera v. Pennsylvania Dep't. of Corr.***, 837 A.2d 525, 528 (Pa. Super. 2003).

The statutory remedy of *habeas corpus* empowers any judge of a court of record to issue a writ "to inquire into the cause of detention." 42 Pa.C.S. § 6502. Inherited from the common law, the ancient writ of *habeas corpus* "lies to secure the immediate release of one who has been detained unlawfully, in violation of due process." ***Commonwealth v. Wolfe***, 605 A.2d 1271, 1272-73 (Pa. Super. 1992) (citations omitted).

Traditionally, "the writ of *habeas corpus* has functioned only to test the legality of the petitioner's commitment and detention." ***Commonwealth ex. rel. Bryant v. Hendrick***, 280 A.2d 110, 112 (Pa. 1971). Insofar as *habeas corpus* is an extraordinary remedy, a prisoner may only invoke it "when remedies in the ordinary course have been exhausted or are not available[.]" ***Wolfe***, 605 A.2d at 1273. Specifically, this Court has noted the writ generally is unavailable to prisoners in custody serving a judgment of sentence that has been affirmed on appeal due to "the presumption of regularity [that] follows the judgment." ***Id.***

42 Pa.C.S. § 9764(b)(5) requires a sentencing court to provide to a county correctional facility various items, including "[a] written, sealed sentencing order from the county" within ten days of the entry of a judgment of sentence. Where the certified record includes a prisoner's sentencing order, that prisoner is not entitled to relief based on an alleged violation of Section 9764. *Commonwealth v. Dozier*, 99 A.3d 106, 115 (Pa. Super. 2014). *See also Joseph v. Glunt*, 96 A.3d 365, 371 (Pa. Super. 2014) (holding that it does not matter whether the sentencing order is in the possession of any administrative or judicial body other than the certified record retained by the court of common pleas).

After citing various cases regarding a trial court's sentencing authority, Appellant fundamentally seeks relief for an alleged violation of 42 Pa.C.S. § 9764(b)(5). Although difficult to ascertain its exact legal basis, his argument seems to be that, because his request to the Department of Corrections for a copy of his sentencing order has been rebuffed, the sentencing order must not exist and, therefore, he is being held illegally.

Regardless of whether Appellant was able to procure a copy of his sentencing order from the Department of Corrections, our review confirms that the certified record contains the October 21, 1992 sentencing Order setting forth the Judgment of Sentence recited above. Insofar as Appellant bases his argument on an assumption of the nonexistence of this Order, the argument fails.

As in **Joseph** and **Dozier**, the certified record in this case confirms and documents Appellant's Judgment of Sentence. Furthermore, Appellant's Judgment of Sentence was affirmed on appeal. Therefore, we find no basis for *habeas corpus* relief and the trial court properly exercised its discretion in denying Appellant's Petition for Writ of *Habeas Corpus*.

In his second issue, Appellant presents a claim with respect to the trial court's dismissal of his PCRA Petition invoking **Miller** and **Montgomery**. We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014).

Before addressing the merits of Appellant's PCRA claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. **See Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature,

and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Appellant's Judgment of Sentence became final on February 28, 1994, when his time for seeking review with the Pennsylvania Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113 (allowing thirty days to file a Petition for Allowance of Appeal).[8] Because Appellant filed the instant Petition more than 22 years after his Judgment of Sentence became final, the PCRA court properly concluded that Appellant's Petition is facially untimely. PCRA Court Opinion, dated 2/28/17, at 2.

Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b). Here, in citing the "brain science" discussed in *Miller* and *Montgomery*, Appellant first attempts to invoke the timeliness exception under Section 9545(b)(1)(ii), which provides that a petitioner may seek relief when "the facts upon which the claim is predicated were unknown

_____

[8] Appellant's Judgment of Sentence became final before the effective date of the 1995 amendments to the PCRA, which included a grace period of one year for petitioners like Appellant. *See Commonwealth v. Thomas*, 718 A.2d 326, 329 (Pa. Super. 1998). However, the grace period applied only to PCRA petitions filed by January 16, 1997. *Id. See also* 42 Pa.C.S. § 9545(b)(1). Appellant filed this PCRA Petition on March 23, 2016, more than 19 years after the PCRA deadline.

to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii).

Our Supreme Court has expressly held that "subsequent decisional law does not amount to a new 'fact' under [S]ection 9545(b)(1)(ii)[.]" *Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011). Given this binding precedent, Appellant's first argument merits no relief.[9]

Appellant also attempts to invoke the timeliness exception under Section 9545(b)(1)(iii), which provides that a petitioner may seek relief when there is "a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii). Relying on research discussed in *Miller* and *Montgomery*, Appellant essentially argues that he is entitled to relief because, as a nineteen-year-old offender, he is similarly situated as a juvenile homicide defendant given that "his biological process was not

_____

[9] Moreover, in a summary argument with no citations, Appellant avers that the "brain science" discussed in *Miller* and *Montgomery* is the "after-discovered evidence" that applies in his case. Appellant's Brief at 14. The same principle in *Watts*, 23 A.3d at 987, applies to the new information contained within the judicial decision upon which Appellant relies. Additionally, Appellant failed to plead and prove that he filed the instant Petition within 60 days of the publication of that research discussed in *Miller* and *Montgomery*. These studies were published years before those judicial decisions and Appellant does not successfully demonstrate why he could not have discovered these facts any earlier when they were available.

complete until 12/5/96, when he turned 25 years old[.]" Appellant's Brief at 14.

This Court has twice rejected nearly identical arguments for purposes of invoking the timeliness exception at Section 9545(b)(1)(iii). ***See Commonwealth v. Cintora***, 69 A.3d 759, 764 (Pa. Super. 2013) (holding (1) petitioners who were older than eighteen at the time they committed murder are not within the ambit of the ***Miller*** decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii); and (2) "contention that a newly-recognized constitutional right **should** be extended to others does not render [a] petition [seeking such an expansion of the right] timely pursuant to section 9545(b)(1)(iii).") (emphasis in original), *abrogated in part by **Montgomery**, supra*. ***See also Commonwealth v. Furgess***, 149 A.3d 90, 94 (Pa. Super. 2016) (same, while acknowledging that ***Cintora***'s additional holding, that ***Miller*** had not been applied retroactively, was "no longer good law" after ***Montgomery***).

Appellant was 19 years old, and therefore not a juvenile, when he murdered Lawrence Hollerway on January 25, 1991. Thus, ***Miller*** and ***Montgomery*** are inapplicable to Appellant. Accordingly, the PCRA court properly concluded that Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and properly dismissed Appellant's Petition as untimely. ***See*** PCRA Court Opinion at 3-4.

The record supports the PCRA court's findings and its Order is otherwise free of legal error. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/16/18