J-S31008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                            :                PENNSYLVANIA
                            :
           v.                   :
                            :
                            :
LAWRENCE WELLS,              :
                            :
             Appellant      :     No. 3559 EDA 2017

Appeal from the PCRA Order October 2, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0414651-1979

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY SHOGAN, J.:          **FILED AUGUST 16, 2018**

Appellant, Lawrence Wells, appeals from the order denying his petition

filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-

9546.  We affirm.

The PCRA court summarized the relevant procedural history of this case

as follows:

> On November 14, 1980, following a bench trial, before the
> Honorable Charles P. Mirarchi, Jr., [Appellant] was found guilty of
> first[-]degree murder, possession of an instrument of crime, and
> aggravated assault.  On October 19, 1981, [Appellant] was
> sentenced to a life sentence without parole on the murder
> conviction.  [Appellant], subsequently, filed a direct appeal and
> the Pennsylvania Superior Court affirmed the trial court's
> judgment of sentence on June 22, 1984.[2]  The Pennsylvania
> Supreme Court denied *allocatur* on January 12, 1987.[3]
>
>     [2] ***Commonwealth v. Wells***, 478 A.2d 123 (Pa.
> Super. 1984) (unpublished memorandum).

[3] ***Commonwealth v. Wells***, 522 A.2d 558 (Pa. 1987).

On October 6, 1989, [Appellant] filed a *pro se* petition pursuant to the Post Conviction Hearing Act (PCHA).[4] The petition was dismissed by the PCRA court on April 3, 1992. [Appellant] appealed, and the Pennsylvania Superior Court affirmed the decision on March 16, 1993. [Appellant] did not seek petition for leave to appeal to the Pennsylvania Supreme Court. Thereafter, [Appellant] filed a number of petitions under the PCRA; all were denied.

[4] The legislature enacted the Post-Conviction Hearing Act in 1968. In 1988, it was renamed the Post-Conviction Relief Act and modified in part and repealed in part.

On July 31, 2014, [Appellant] filed the instant *pro se* PCRA petition, styled as a writ of habeas corpus. Subsequent filings followed on August 11, 2014, August 14, 2014, and August 14, 2015. This court sent notice of its intent to dismiss[5] the petition as untimely without exception on July 18, 2017. [Appellant] filed a response to the 907 notice on July 31, 2017 and September 1, 2017. The PCRA petition was formally dismissed by this court on October 2, 2017. [Appellant] timely filed a notice of appeal to the Pennsylvania Superior Court on October 16, 2017.

[5] Pursuant to Pa.R.Crim.P. 907.

PCRA Court Opinion, 12/22/17, at 1-2. The record reflects that the PCRA court did not direct Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On December 22, 2017, the PCRA court filed its opinion pursuant to Pa.R.A.P. 1925(a).

Appellant presents the following issues for our review, which we reproduce verbatim:

1. Did the lower court error finding that there is not an valid exception to the late filing of the Appellant's PCRA Petition.

2. Did the lower court error when it denied and dismissed Pro Se PCRA/Habeas Corpus Petition.

3. Did the lower court deny Appellant His Constitutional Right to due process and access to the court.

Appellant's Brief at 1.

We begin by determining whether Appellant's "Petition for Writ of Habeas Corpus" was properly considered to be a PCRA petition.

The scope of the PCRA is explicitly defined as follows:

This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. **The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.** This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction.

42 Pa.C.S. § 9542 (emphasis added).

The plain language of the statute above demonstrates that the General Assembly intended that claims that **could** be brought under the PCRA **must** be brought under that Act. *Commonwealth v. Hall*, 771 A.2d 1232, 1235 (Pa. 2001) (emphasis in original). Where a defendant's claims "are cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available to the defendant." *Id*. (citations omitted). By its own language, and by judicial decisions interpreting such language, the PCRA provides the sole means for obtaining state collateral

- 3 -

relief. ***Commonwealth v. Yarris***, 731 A.2d 581, 586 (Pa. 1999) (citations omitted). Thus, it is well settled that any collateral petition raising issues with respect to remedies offered under the PCRA will be considered a PCRA petition. ***Commonwealth v. Deaner***, 779 A.2d 578, 580 (Pa. Super. 2001).

The question then is whether the particular claim at issue here, *i.e.*, Appellant's allegations that he was wrongly convicted of the crimes and therefore is serving an illegal sentence, is a claim that was available to him under the PCRA. The relevant portion of the PCRA provides as follows:

> **(a) General rule.--**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> *    *    *
>
> (2) That the conviction or sentence resulted from one or more of the following:
>
>> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

42 Pa.C.S. § 9543(a)(2)(i). Thus, the statute in this matter clearly provides that claims raising constitutional violations are cognizable under the PCRA. 42 Pa.C.S. § 9543(a)(2)(i).

In addressing the applicability of the PCRA to the petition filed by Appellant, the PCRA court offered the following analysis:

[Appellant's] instant submission styled as a habeas corpus raised claims that fell within the ambit of the PCRA[6] because they were potentially remediable under it. It is well[ ]settled that the PCRA is intended to be the sole means for achieving post-conviction relief. Unless the PCRA can not provide for a potential remedy, the PCRA statute subsumes the writ of habeas corpus. Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a habeas corpus petition.

[6] The PCRA provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentence may obtain collateral relief. "The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis." 42 Pa.Cons.Stat. § 9542.

[Appellant] alleged that his conviction and sentence were legal nullities. Specifically, [Appellant] argues that his detention was illegal because he was wrongfully convicted of first[-]degree murder. He further stated that his petition should not be construed under the PCRA statute because he was not alleging innocence, but rather lesser culpability than that of which he was convicted. Here, [Appellant] was clearly claiming he was innocent of a crime he was convicted of [committing], specifically first[-]degree murder. Thus his claim falls within Section 9542 of the [PCRA], where it is stated "this subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." Therefore this court was constrained to review these claims pursuant to the PCRA's dictates.

PCRA Court Opinion, 12/22/17, at 2-3 (case citations and footnote omitted).

We are constrained to agree with the PCRA court. Appellant raised claims in his petition alleging constitutional due-process violations through his challenge to his conviction, which are cognizable under the PCRA regardless of the caption of the petition. *See Jackson v. Virginia*, 443 U.S. 307, 316

(1979) (establishing that due process requires that the government prove every element of a crime by proof beyond a reasonable doubt). These claims are cognizable under the PCRA.[1] Hence, the PCRA court had no authority to entertain the claims raised in the PCRA petition except under the strictures of the PCRA.[2]

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the

---

[1] We note that Appellant has included in his filings before the PCRA court an allegation that the trial court abused its discretion in imposing his sentence. Challenges to the discretionary aspects of sentencing, however, are not cognizable under the PCRA. 42 Pa.C.S. § 9543(a)(2)(vii); **Commonwealth v. Fowler**, 930 A.2d 586, 593 (Pa. Super. 2007). **But see Commonwealth v. Hernandez**, 755 A.2d 1, 6 (Pa. Super. 2000) (holding discretionary aspects of sentencing claims couched within claim of ineffective assistance of counsel claim were cognizable under PCRA). Here, as Appellant has not couched his discretionary aspects claim within an ineffectiveness claim, we conclude it is not cognizable under the PCRA.

[2] To the extent Appellant argues that his petition should be considered a writ of *habeas corpus* and not a PCRA petition, we note that his claims do not merit *habeas corpus* relief. Appellant attempts to challenge his convictions through a convoluted argument attacking the sufficiency of the evidence. However, we have long stated that a writ of *habeas corpus* cannot "be used to question the sufficiency or insufficiency of the evidence to sustain a conviction." **Commonwealth v. Smythe**, 195 A.2d 187, 189 (Pa. Super. 1963) (citation omitted). In addition, Appellant makes several statements averring that his sentence was inappropriately excessive or harsh. These claims dispute whether the trial court properly exercised its discretion in fashioning his sentence. However, "[a] challenge to the discretionary aspects of sentencing is not a proper basis for *habeas corpus* relief." **Commonwealth v. Wolfe**, 605 A.2d 1271, 1274 (Pa. Super. 1992). Because *habeas corpus* relief is not available to Appellant for these claims, we would find no abuse of the court's discretion in denying his petition if we had determined that the filing was not rightfully a PCRA petition.

PCRA level." ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Cintora***, 69 A.3d 759, 762 (Pa. Super. 2013).

Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Where a petitioner's judgment of sentence became final on or before the effective date of the amendment, a special grace *proviso* allowed first PCRA petitions to be filed by January 16, 1997. ***See Commonwealth v.***

- 7 -

*Alcorn*, 703 A.2d 1054, 1056-1057 (Pa. Super. 1997) (explaining application of PCRA timeliness *proviso*).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[3] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Commonwealth v. Carr*, 768 A.2d 1164, 1167 (Pa. Super. 2001).

---

[3] The exceptions to the timeliness requirement are:

   (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

   (ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

   (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

As previously stated, the trial court imposed Appellant's judgment of sentence on October 19, 1981. This Court affirmed Appellant's judgment of sentence on June 22, 1984, and our Supreme Court denied Appellant's petition for *allocatur* on January 12, 1987. ***Commonwealth v. Wells***, 478 A.2d 123 (Pa. Super. 1984), *appeal denied*, 522 A.2d 558 (Pa. 1987). Appellant did not file a petition for *writ of certiorari* in the United States Supreme Court. Accordingly, Appellant's judgment of sentence became final on March 13, 1987, which was sixty days after the Pennsylvania Supreme Court denied review and the time for seeking review with the United States Supreme Court expired. ***See*** 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); U.S.Sup.Ct.R. 20.1.[4] Thus, Appellant's judgment of sentence became final prior to the effective date of the PCRA amendments. Appellant's instant PCRA petition, filed on July 31, 2014, does not qualify for the grace *proviso* as it was not Appellant's first

_____

[4] We observe that the Rules of the Supreme Court of the United States pertaining to the time limit for filing a petition for *writ of certiorari* have changed various times in relation to both length of time and rule number. Rule 20.1, which was applicable to this case, required the filing of a petition for a *writ of certiorari* within sixty days after the Pennsylvania Supreme Court denied *allocatur* and became effective August 1, 1984 and was replaced by Rule 13 effective January 1, 1990.

petition, nor was it filed before January 16, 1997. Thus, the instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition nevertheless may be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

Our review of the certified record reflects that Appellant did not specifically raise the issue of timeliness and did not plead any exception to the timeliness requirement in his various filings with the PCRA court. Thus Appellant has not carried his burden to plead and prove applicability of one of the exceptions to the timeliness requirement. The PCRA court did not commit any error in dismissing Appellant's petition as untimely.

Moreover, we note that in his brief to this Court, in contrast to his PCRA petition and subsequent filings in the PCRA court, Appellant claims that an exception to the timeliness requirement applies to his case. Specifically, Appellant attempts to invoke the second exception to the timeliness requirements. Appellant's Brief at 5-6. Appellant asserts that "[h]is mental state rendered him incapable of filing a timely petition." *Id*. at 5. Appellant cites **Commonwealth v. Cruz**, 852 A.2d 287 (Pa. 2004), and observes that "[i]t is true that mental incompetence may qualify under the after discovered

facts exception if the defendant's incompetence prevents him from being aware of the facts that gave rise to his claim." Appellant's Brief at 5.

However, because the exception was not raised before the PCRA court, but rather was raised for the first time on appeal to this Court, the exception has been waived. Appellant's claim fails because, when reviewing a PCRA order, we have no authority to consider claims not raised in the PCRA court. Pa.R.A.P. 302(a). *See also Commonwealth v. Edmiston*, 851 A.2d 883, 889 (Pa. 2004) (citing Pa.R.A.P. 302(a) for the proposition that an issue not raised in the PCRA court is waived on appeal); *Commonwealth v. Fulton*, 830 A.2d 567, 570 n.2 (Pa. 2003) (same).

Even if Appellant's claimed exception to the timeliness rule was not waived because of his failure to raise it before the PCRA court, he could not prevail. The exception raised in Appellant's brief is that the facts upon which the claim were based were unknown to Appellant, pursuant to 42 Pa.C.S. § 9545(b)(1)(ii). The specific facts were that Appellant suffered hallucinations while in prison that prevented him from timely filing his PCRA petition while in prison. Appellant's Brief at 6. However, Appellant fails to consider another requirement: that any petition invoking an exception to the PCRA's timeliness requirement must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). The petitioner who invokes an exception is required to plead and to prove that he brought his petition within this sixty-day period. *Commonwealth v. Vega*, 754 A.2d 714, 718 (Pa.

Super. 2000) (citing **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000)).  We do not know when Appellant stopped hallucinating and became capable of filing his PCRA petition.  Nowhere in his brief does Appellant mention, let alone provide facts to demonstrate his adherence to the sixty-day time limitation.  Therefore, even if Appellant's claimed exception were not waived for failure to raise it in the PCRA court, it would fail because Appellant has not demonstrated that he raised the exception within sixty days of the time that it first could have been raised.  Hence, the attempt to invoke the second exception fails.

The PCRA petition was untimely and no exceptions apply.  Therefore, the PCRA court lacked jurisdiction to address any claims presented.  **See Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear an untimely petition).  Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition.  **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 8/16/2018*