J-S31009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEROME MOUZON | : | |
| | : | |
| Appellant | : | No. 317 EDA 2021 |

Appeal from the PCRA Order Entered January 4, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0402031-1998

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEROME MOUZON | : | |
| | : | |
| Appellant | : | No. 318 EDA 2021 |

Appeal from the PCRA Order Entered January 4, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0404131-1998

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEROME MOUZON | : | |
| | : | |
| Appellant | : | No. 319 EDA 2021 |

Appeal from the PCRA Order Entered January 4, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0409152-1998

J-S31009-21

BEFORE:    STABILE, J., KING, J., and PELLEGRINI, J.*

MEMORANDUM BY STABILE, J.:                    **FILED DECEMBER 16, 2021**

Appellant, Jerome Mouzon, appeals *pro se* from the January 4, 2021 orders entered in the Court of Common Pleas of Philadelphia County denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

The factual background and procedural history of this case are not at issue.  We set forth the facts underlying Appellant's convictions on direct appeal.  ***See Commonwealth v. Mouzon***, No. 2301 EDA 1999, at 1-3 (unpublished memorandum, filed May 23, 2001), *reversed and remanded*, ***Commonwealth v. Mouzon***, 812 A.2d 617 (Pa. 2002).  On remand from the Supreme Court to consider the merits of Appellant's challenge to the discretionary aspects of his sentence, on July 1, 2003, we again affirmed Appellant's judgment of sentence.  ***See Commonwealth v. Mouzon***, 828 A.2d 1126 (Pa. Super. 2003).  Appellant did not seek further review.

Appellant filed the underlying petition on July 17, 2018.[1]  The lower court treated it as a PCRA petition and issued a notice of intent to dismiss it without a hearing.  ***See*** Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, 10/22/20, at 1.  On November 4, 2020, Appellant responded

_____

* Retired Senior Judge assigned to the Superior Court.

[1] By Appellant's own account, the instant petition is his fifth petition for PCRA relief.  ***See*** Appellant's Brief at 5.

- 2 -

to the notice. On January 4, 2021, the lower court dismissed Appellant's petition as untimely. This appeal followed.

On appeal, Appellant essentially argues that the sentencing court erred in determining the proper offense gravity score for the offense that he committed (robbery). Specifically, he argues that it should have been a seven, not a ten. The claim was presented in a petition for writ of *habeas corpus*. The lower court treated the challenge as a claim subject to the PCRA and dismissed it as an untimely PCRA petition. We agree.

First, we must determine whether the lower court properly treated the underlying petition (styled, as noted, as a petition for writ of *habeas corpus*) as a PCRA petition. We conclude that it did.

A challenge to the determination of the offense gravity score is a challenge to the discretionary aspects of his sentence.[2] ***See***, ***e.g.***, ***Commonwealth v. Lamoda***, 52 A.3d 365, 371 (Pa. Super. 2012). On its face, therefore, it would appear that the PCRA is not the proper vehicle for addressing his claim. ***See***, ***e.g.***, ***Commonwealth v. Fowler***, 930 A.2d 586, 593 (Pa. Super. 2007); 42 Pa.C.S.A. § 9543(a)(2)(vii). However, at its core, Appellant alleges that there is no evidence that the victims suffered "any injury

---

[2] In the underlying petition, Appellant argued that the offense gravity score was erroneously calculated and that the sentencing court displayed judicial bias in fashioning his sentence at the time of resentencing. ***See*** Petition for Writ of *Habeas Corpus*, 7/18/18, at 2. The second claim, *i.e.*, judicial bias, is not raised before us. As such, we deem it abandoned.

during the commission of the robberies, let alone serious bodily injury, warranting an offense gravity score of seven (7) rather than the score of ten (10) which was relied upon by the [trial court]." Appellant's Brief at 7. As such, Appellant is attacking his conviction and sentence, which is exactly what the PCRA is intended to address. Accordingly, because Appellant's claim affects his conviction and sentence, and in light of the expansive view we must take with regard to the PCRA's eligibility requirements, *see Commonwealth v. Hackett*, 956 A.2d 978, 986 (Pa. 2008), we conclude that the lower court did not err in finding that Appellant's claim is cognizable under the PCRA.[3]

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception

---

[3] Additionally, even if the lower court erred in not treating the underlying petition as a petition for writ of *habeas corpus*, Appellant would not be entitled to *habeas corpus* relief because: (i) "A challenge to the discretionary aspects of sentencing is not a proper basis for *habeas corpus* relief." *Commonwealth v. Wolfe*, 605 A.2d 1271, 1274 (Pa. Super. 1992); and (ii) a writ of *habeas corpus* cannot "be used to question the sufficiency or insufficiency of the evidence to sustain a conviction." *Commonwealth v. Smythe*, 195 A.2d 187, 189 (Pa. Super. 1963). Because *habeas corpus* relief is not available to Appellant's claim, we would have found that the lower court properly denied his petition, had we determined that the filing was not rightfully a PCRA petition.

to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (*overruled on other grounds by* **Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. **Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008).

It is undisputed the instant petition, which was filed in 2018, is facially untimely.[4] The only question for us to address is whether Appellant pled and proved that he met one of the exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Our review of the record shows that Appellant failed to do so. Indeed, the PCRA court noted that Appellant failed to address in his petition the timeliness of the petition. **See** Trial Court Opinion, 2/23/21, at 1. Accordingly, the lower court found that the petition was untimely. **Id.**

_____

[4] Appellant's sentence became final on July 31, 2003, upon the expiration of the time to seek review in our Supreme Court. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113(a). Appellant had one year from July 31, 2003, to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1). The instant petition, which was filed on July 17, 2018, is facially untimely under the PCRA.

Similarly, before us, Appellant addresses the merits of his sentencing claim but fails to address the timeliness of his petition.

Because the underlying petition is facially untimely, and Appellant failed to plead and prove the applicability of any exception to the timeliness one-year bar, we have no jurisdiction to entertain the merits of this appeal. *See*, *e.g.*, *Commonwealth v. Callahan*, 101 A.3d 118, 123-24 (Pa. Super. 2014) (A court lacks jurisdiction over the merits of an untimely PCRA petition when appellant has failed to plead and prove the applicability of an exception to the timeliness requirement). Accordingly, we affirm the order of the PCRA court dismissing Appellant's petition as untimely.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 12/16/2021*