J-S30034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TYRONE GREEN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN RANSOM, SUPERINTENDENT | : | No. 1470 MDA 2023 |

Appeal from the Order Entered September 27, 2023
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
2023-07318

BEFORE:   PANELLA, P.J.E., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED: SEPTEMBER 30, 2024**

Appellant, Tyrone Green, appeals *pro se* from the order dated September 27, 2023, entered in the Luzerne County Court of Common Pleas dismissing his petition for Writ of *Habeas Corpus*. We affirm.

The relevant facts and procedural history are as follows: Appellant was born on March 20, 1959. On July 8, 1980, a complaint was filed against Appellant charging him with multiple felonies. On December 12, 1980, while represented by counsel, Appellant pled guilty to kidnapping, robbery, and two counts of murder. Appellant was sentenced to life in prison. Appellant filed a petition for collateral relief pursuant to the Post-Conviction Relief Act ("PCRA"),

---

[*] Former Justice specially assigned to the Superior Court.

42 Pa.C.S. §§ 9541-46, on August 14, 2012. Appellant was appointed counsel. On June 29, 2017, Appellant's PCRA petition was dismissed. He did not appeal.

On July 17, 2023, Appellant filed a petition for Writ of *Habeas Corpus*. Specifically, Appellant filed the instant lawsuit against Kevin Ransom in his capacity as the (former) Superintendent of SCI-Dallas, where Appellant is incarcerated for life. In relevant part, Appellant asserted in his petition that his sentence is illegal, and that his rights under the United States and Pennsylvania Constitutions have been violated, because the Pennsylvania Department of Corrections ("DOC") "is maintaining custody of the Petitioner without a constitutionally obtained, and procedurally required sentencing order, needed to maintain custody of his person lawfully." Petition for Writ of *Habeas Corpus Ad Subjiciendum* (hereinafter, "petition"), 7/17/23, at 2. Appellant invoked 37 Pa. Code § 91.3 ("Reception of inmates") in support of his claims and argues that his sentence violates 42 Pa.C.S. §§ 9762, 9764. *Id.* at 4-5.

The Commonwealth filed a response to Appellant's petition. Thereafter, the trial court dismissed Appellant's petition for writ of *habeas corpus* without a hearing. On October 17, 2023, Appellant filed a notice of appeal. On November 15, 2023, the trial court ordered Appellant to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b). Appellant complied on November 28, 2023. This appeal follows.

Appellant raises these eleven issues verbatim:

1. Is the petitioner being unlawfully detained by the defendant in violation of the Equal Protection and Due Process Clauses of both the state and federal constitutions, in that, the defendant is maintaining custody of the Petitioner without constitutionally obtained, and procedurally required sentencing order existing, that is needed to lawfully maintain custody of his person?

2. Has the Petitioner ever been sentenced, when no sentencing order exists in ANY record?

3. Can the Appellee, or the Commonwealth's agents enforce a sentencing order that DOES NOT exist in any record held by the Commonwealth?

4. Can a Clerk of Court legally generate Commitment Papers sua sponte without the existence and possession of a sentencing order that would grant jurisdiction to the Dept. of Corrections to lawfully detain a citizen indefinitely when no sentence lawfully exists?

5. Does the non-existence of a sentencing order deny a defendant Due Process of Law and Equal Protection of the Law, where, because of the lack of a sentencing order, he cannot collaterally attack a non-existent sentence?

6. Has the Defendant's failure to procedurally verify the existence of a sentence prior to obtaining custody of a defendant violated the civil rights of the Petitioner in such a way that they are civilly liable for violations of his rights, since they are acting without jurisdiction to lawfully detain a citizen, under color of law?

7. Are the sentencing statutes that "could" have been a legal basis for issuance of any sentencing order, now become voided by the the Pa. Supreme Court's usage of its severance power in Batts II, further precluding the lawful existence of any sentencing order that could be produced as a legal basis for the Petitioner's detention?

8. Is the Petitioner being denied Equal Protection and Due Process of Law, in that, he has been denied a criminal process equivalent to those similarly situated to him, without any statutory authority to make such a distinction?

9. Has the petitioner been further precluded from his right to Due Process and Equal Protection of the law by the enactment of the

P.C.R.A., which summarily suspends and interferes with his right to the writ of habeas corpus in violation of both the state and federal constitutions?

10. Has the Petitioner been additionally subjected to an ex-post facto application of newly enacted 6137.1 of the Parole Statute, where 6137 was summarily voided by the Pa. Supreme Court's usage of its severance power in Batts II?

11. Is the Commonwealth of Pennsylvania required to produce a sentencing order when a challenge to the existence of a sentence is a matter of dispute?

Appellant's Br. at 7-8.

As a prefatory matter, we consider whether Appellant's petition for Writ of *Habeas Corpus* should be construed as a subsequent PCRA petition. "The PCRA at Section 9542 subsumes the remed[y] of *habeas corpus* . . . ." **Commonwealth v. Turner**, 80 A.3d 754, 770 (Pa. 2013). "Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition." **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013). In **Commonwealth v. Hackett**, 956 A.2d 978 (Pa. 2008), our Supreme Court held that a claim "which essentially attack[ed] [the] underlying murder conviction[,]" was cognizable under the PCRA. **Id.** at 986. Claims of ineffective assistance of counsel are cognizable under the PCRA. **Turner**, 80 A.3d at 770. Claims implicating the legality of sentence are cognizable under the PCRA. **See** 42 Pa.C.S. § 9542.

Instantly, the central crux of Appellant's claims is that he is unlawfully detained. Appellant submits that in order for Appellee to have jurisdiction to effectuate lawful detention, Appellee must have verified Appellant's

sentencing order and commitment papers. He claims that there is not and never was a sentencing order in his case, and thus Appellee has no jurisdiction to detain him. A claim that a defendant's sentence is illegal due to the inability of the DOC to "produce a written sentencing order related to [his] judgment of sentence" constitutes a legitimate *habeas corpus* claim. ***Brown v. Penna. Dep't. of Corr.***, 81 A.3d 814, 815 (Pa. 2013) (*per curiam*) (citing ***Commonwealth ex rel. Bryant v. Hendrick***, 280 A.2d 110, 112 (Pa. 1971); ***Joseph v. Glunt***, 96 A.3d 365, 368 (Pa. Super. 2014). Thus, the trial court properly construed Appellant's filing as a petition for Writ of *Habeas Corpus* and not as a subsequent PCRA petition.

We begin with our standard of review in this context:

> Our standard of review of a trial court's order denying a petition for writ of *habeas corpus* is limited to abuse of discretion. Thus, we may reverse the court's order where the court has misapplied the law or exercised its discretion in a manner lacking reason. As in all matters on appeal, the appellant bears the burden of persuasion to demonstrate his entitlement to the relief he requests.

***Rivera v. Pa. Dep't of Corr.***, 837 A.2d 525, 528 (Pa. Super. 2003) (citations omitted).

> The ancient writ of *habeas corpus* is inherited from the common law, referred to by Sir William Blackstone as the most celebrated writ in the English law. The writ lies to secure the immediate release of one who has been detained unlawfully, in violation of due process. [T]raditionally, the writ has functioned only to test the legality of the petitioner's detention.

***Commonwealth v. Wolfe***, 605 A.2d 1271, 1272-73 (Pa. Super. 1992) (internal citations omitted). "Under Pennsylvania statute, *habeas corpus* is a

civil remedy [that] lies solely for commitments under criminal process."

***Commonwealth v. McNeil***, 665 A.2d 1247, 1249-50 (Pa. Super. 1995)

(citing ***Wolfe***, 605 A.2d at 1273). "*Habeas corpus* is an extraordinary remedy

and may only be invoked when other remedies in the ordinary course have

been exhausted or are not available." ***Id.***

Although listed as eleven separate issues, Appellant's claims essentially

encompass a single argument: His current sentence is illegal because the DOC

does not have a written copy of the sentencing order in Appellant's case.

Appellant contends that this alleged violation of his due process rights should

warrant further proceedings or compel his release from prison. Thus, we will

address Appellant's claims collectively.

In support of his claims, Appellant cites 37 Pa. Code § 91.3 which

relevantly states as follows:

> The Department will accept and confine those persons committed
> to it under lawful court orders which conform to 42 Pa.C.S. § 9762
> (relating to sentencing proceeding; place of confinement) when
> information has been provided to the Department as required by
> 42 Pa.C.S. § 9764 (relating to information required upon
> commitment and subsequent disposition).

37 Pa. Code § 91.3. Particularly relevant here is 42 Pa.C.S. § 9764 which

states in part:

> (a) General rule. Upon commitment of an inmate to the custody
> of the Department of Corrections, the sheriff or transporting
> official shall provide to the institution's records officer or duty
> officer, in addition to a copy of the court commitment form DC-
> 300B generated from the Common Pleas Criminal Court Case
> Management System of the unified judicial system, the following
> information:

. . .
>    (8) A copy of the sentencing order and any detainers filed against
>    the inmate which the county has notice.

42 Pa.C.S. § 9764(a)(8).

Appellant asserts that to be in compliance with the aforementioned statues, the DOC must keep on file and be able to produce his sentencing order and commitment papers. Appellant's Br. at 10. He claims that the records cannot be produced in his case, and demands either that Appellee show cause why Appellant is not entitled to relief, or in the alternative, that his sentence is stricken and that he is awarded punitive damages of $1,000,000 for each year of his unlawful confinement. Petition, 7/17/23, at 13.

As proof that the documents are not maintained at the DOC, Appellant attached to his brief copies of his correspondence with the DOC documenting his efforts to obtain a copy of his written sentencing order and commitment form. On or about September 10, 2014, Appellant submitted a request to the DOC pursuant to Pennsylvania's Right-to-Know Law. Appellant's Br. Exhibit A. In a letter dated October 10, 2014, the DOC's Right-to-Know Office denied Appellant's request, stating that the DOC did not possess a copy of the sentencing order or commitment form. Appellant appealed the denial in a letter dated October 24, 2014. On November 24, 2014, the Pennsylvania Office of Open Records ("OOR") issued a final determination in Appellant's appeal from the DOC's conclusion that it did not have a written copy of his

sentencing order or commitment form. In it, the appeals officer stated, "[t]he requested records do not exist within the possession, custody, or control of the Department . . . The Department is not required to take any further action." Final Determination, 11/24/14; Appellant's Br., Exhibit C. Attached to the final determination was an affidavit from the records supervisor attesting to the nonexistence of the requested records. Appellant's Br., Exhibit B.

Appellant argues that his confinement is not maintained "under a constitutionally valid court order" and that the DOC "cannot produce such an order that would meet constitutional muster, as one does not exist, either in compliance with this rule, or in any existing criminal file maintained by the Clerk of the County of venue in this matter." Petition, 7/17/23, at 5.

In **Joseph v. Glunt**, 96 A.3d 365 (Pa. Super. 2014), this Court rejected the very same argument:

> The language and structure of section 9764, viewed in context, make clear that the statute pertains not to the DOC's authority to detain a duly-sentenced prisoner, but, rather, sets forth the procedures and prerogatives associated with the transfer of an inmate from county to state detention. None of the provisions of section 9764 indicate an affirmative obligation on the part of the DOC to maintain and produce the documents enumerated in subsection 9764(a) upon the request of the incarcerated person. Moreover, section 9764 neither expressly vests, nor implies the vestiture, in a prisoner of any remedy for deviation from the procedures prescribed within.

**Id.** at 371. We determined that "a record of the valid imposition of a sentence [is] sufficient authority to maintain a prisoner's detention notwithstanding the absence of a written sentencing order under 42 Pa.C.S. § 9764(a)(8)." **Id.** at

372. We held that the criminal docket of the trial court and the transcript of the sentencing hearing confirmed the appellant's sentence. *Id.* at 372.

Accordingly, Appellant's claims fail for a multitude of reasons. First and foremost, Appellant's confinement is lawful. Here, as in *Joseph*, the certified record confirms Appellant's sentence. His docket sheet shows that he pled guilty on December 12, 1980, and was sentenced to five to ten years on the kidnapping, five to ten years on the robbery, and life confinement for each murder charge. Appellee's Br., Exhibit A. Additionally, Appellee was able to produce the commitment form for Appellant which lists Appellant's convictions and sentences. Appellee's Br., Exhibit B. The trial court observed:

> Mr. Green was charged and pled guilty to two (2) counts of murder when he was twenty-one (21) years of age. The murder charges to which he pled each carried a life sentence. At the time of Mr. Green's plea, he was represented by counsel. . . . The petition on its face fails to support the issuance of a writ of Habeas Corpus.

Tr. Ct. Op. at 2.

Next, each of Appellant's claims premised on the argument that section 9764 mandates that correctional facilities keep on hand every prisoner's sentencing order fail because, as made clear in *Joseph*, section 9764 governs the transfer of an inmate, not filing and documenting procedures.

Further, the Court in *Joseph* explained that even if, during the transfer of a prisoner, there is a deviation from the procedure described in the statutes, there is no express or implied remedy for a prisoner. Thus, Appellant's claims

that he is entitled to further proceedings, a release from confinement, or monetary damages, fail.

Finally, even if the statue expressly provided a remedy to prisoners based on a deviation from its procedures, Appellant would not be entitled to relief. The statute was approved June 18, 1998 and went into effect 120 days later. Appellant's transfer and commitment to a state correctional facility occurred on December 12, 1980. Thus, the procedures in the statute had not been set forth at the time of his transfer.

Appellant failed to provide any factual or legal basis to support the contention that Appellee lacks authority to detain him. Even in the absence of a written sentencing order, the DOC has continuing authority to detain Appellant. We discern no abuse of discretion in the trial court's conclusion. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/30/2024

- 10 -